UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA

---

| | |
|---|---|
| Katherine Painter; | ) |
|     Plaintiff, | ) |
| | ) |
| | ) No. 6:17CV00034 |
| v. | ) |
| | ) Judge Norman K. Moon |
| | ) |
| Blue Ridge Regional Jail Authority; Corrections | ) |
| Officer Timothy Farrar, individually and as an | ) |
| Agent of the Blue Ridge Jail Authority; and | ) **Plaintiff Demands a Jury Trial** |
| Corrections Officer Pitts, individually and as an | ) |
| Agent of the Blue Ridge Jail Authority; | ) |
| | ) |
|     Defendants. | ) |

---

## COMPLAINT AT LAW

NOW COMES the Plaintiff, KATHERINE PAINTER, ("Plaintiff"), by and through her attorney, THE WARREN FIRM, PLLC; and complaining of Defendants BLUE RIDGE REGIONAL JAIL AUTHORITY; Corrections Officer TIMOTHY FARRAR, individually; and Corrections Officer PITTS, individually, pleading hypothetically and in the alternative, states as follows:

### JURY DEMAND

1. Plaintiff KATHERINE PAINTER hereby demands a trial by jury.

### INTRODUCTION

2. Plaintiff, KATHERINE PAINTER, brings this suit for a violation of her rights under the Eighth Amendment to the United States Constitution and brings this action pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1988.

3. This cause of action arises out of the repeated sexual assault of Plaintiff KATHERINE PAINTER while in the custody of Defendant BLUE RIDGE REGIONAL JAIL AUTHORITY from April 2015 through May 2015 in Lynchburg, Virginia.

4. This cause of action arises from those injuries caused during the time period of April 2015 through May 2015 by Defendant BLUE RIDGE REGIONAL JAIL AUTHORITY and Defendant Officers FARRAR and PITTS's deliberate indifference, willful and wanton conduct, and by Defendant FARRAR's intentional acts as set forth herein.

5. This cause of action is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation under color of state law of Plaintiff KATHERINE PAINTER's rights as secured by the United States Constitution.

6. This cause of action is for money damages brought pursuant to 42 U.S.C. § 1983, the Eighth Amendment to the United States Constitution, and related state law claims against Defendant BLUE RIDGE REGIONAL JAIL AUTHORITY; and Defendant TIMOTHY FARRAR and PITTS, individually.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§1331, and 1343, as well as supplemental jurisdiction over related state law claims pursuant to 28 U.S.C. §1367(a), as those state law claims arise from the same case or controversy as the federal question in this matter, specifically 42 U.S.C. §1983.

8. Venue is proper in this Court under 28 U.S.C. §1391(b) because a substantial portion of the incidents, events, occurrences, and omissions giving rise to this action occurred in the Western District of Virginia.

## PARTIES

9. At all times relevant hereto Plaintiff KATHERINE PAINTER was a citizen of the United States and resident of the Commonwealth of Virginia.

10. At all times relevant hereto, Defendant BLUE RIDGE REGIONAL JAIL AUTHORITY was a public body, organized and existing by and under the laws of the Commonwealth of Virginia.

11. At all times relevant hereto, Defendant BLUE RIDGE REGIONAL JAIL AUTHORITY operated the Lynchburg Adult Detention Center, located in Lynchburg, Virginia.

12. At all times relevant hereto, Defendant BLUE RIDGE REGIONAL JAIL AUTHORITY was acting under color of state law.

13. Upon information and belief, at all times relevant hereto, Defendant Officer TIMOTHY FARRAR resided in the Western District of Virginia and was employed by Defendant BLUE RIDGE REGIONAL JAIL AUTHORITY at the Lynchburg Adult Detention Center.

14. Upon information and belief, at all times relevant hereto, Defendant Officer PITTS resided in the Western District of Virginia and was employed by Defendant BLUE RIDGE REGIONAL JAIL AUTHORITY at the Lynchburg Adult Detention Center.

15. At all times relevant to this complaint, Defendant Officers FARRAR and PITTS were acting under color of state law and their conduct constituted state action.

## FACTS

16. On April 1, 2015, Katherine Painter was sent to the Lynchburg Adult Detention Center to serve time in the Blue Ridge Regional Jail Authority.

17. In April of 2015, Defendant TIMOTHY FARRAR was working at the Lynchburg Adult Detention Center with Blue Ridge Regional Jail Authority in the intake department, on the night shift.

18. Beginning approximately April 16, 2015, Plaintiff was placed on suicide watch by Blue Ridge Regional Jail.

19. Inmates on suicide watch at Blue Ridge Regional Jail are not permitted to wear the typical uniform given to inmates, and instead are given a "suicide blanket," which the inmate can wrap around their body and no additional garments.

20. During the time that Plaintiff was on suicide watch, Defendant TIMOTHY FARRAR threatened to take Plaintiff's blanket from her.

21. During the time that Plaintiff was on suicide watch, Defendant TIMOTHY FARRAR would withhold toilet tissue from Plaintiff unless she showed her body to him.

22. During the time that Plaintiff was on suicide watch, Defendant TIMOTHY FARRAR would withhold snacks from Plaintiff unless she showed her body to him.

23. During the time that Plaintiff was on suicide watch, Plaintiff found Defendant TIMOTHY FARRAR standing outside Plaintiff's cell repeatedly to watch her use the toilet after bringing her toilet tissue.

24. Plaintiff suffers from a gastrointestinal tract disorder and her jail file indicated that she required certain medications.

25. Normally, the nursing staff would bring Plaintiff her medication.

26. Defendant FARRAR had access to her file.

27. On April 24, 2015, Plaintiff, who suffers from a gastrointestinal tract disorder, was sick to her stomach and suffering from nausea.

28. On April 24, 2015, Plaintiff requested medication for her gastrointestinal distress.

29. On April 24, 2015, Defendant TIMOTHY FARRAR, who was not medical staff, personally brought the medication to Plaintiff's cell.

30. On April 24, 2015, Defendant TIMOTHY FARRAR electronically opened Plaintiff's cell and entered.

31. Defendant FARRAR did not give Plaintiff her medicine to ease her pain and discomfort and instead told Plaintiff that, in order for her to get the medication, Plaintiff would have to perform oral sex on him.

32. Plaintiff initially refused and, taken aback, asked Defendant FARRAR if she had to.

33. Defendant FARRAR told Plaintiff directly, "Do you want your medicine?"

34. Plaintiff was "sick to her stomach" as a result of her gastrointestinal issues.

35. Plaintiff had no choice but to perform oral sex on Defendant FARRAR to get her medication, after which Defendant FARRAR gave Plaintiff her requested medication.

36. After Defendant FARRAR placed his penis in Plaintiff's mouth, Plaintiff was gagging and became physically ill.

37. Plaintiff was unable to completely perform oral sex as she became sick as she did so.

38. Plaintiff did not feel she had a choice because Defendant FARRAR worked for the prison and feared he could do whatever he wanted to her without recourse.

39. Plaintiff was in too much pain and too afraid of the consequences to refuse Defendant FARRAR.

40. Electronic records from the Blue Ridge Regional Jail Authority from the night of April 24, 2015 show that the door to Plaintiff's cell was open for over nine minutes.

41. Upon information and belief, Jemarcus Butler, another inmate in a nearby cell, overheard the act, describing the sounds as "lip smacking."

42. Correctional Officer PITTS, another officer working in intake at Lynchburg Adult Detention Center, was working on the night of April 24, 2015, and was seated at a nearby desk using a computer during the incident.

43. Correctional Officer Pitts witnessed Defendant FARRAR open Plaintiff's cell door and enter Plaintiff's cell.

44. Jemarcus Butler witnessed Correctional Officer PITTS turn his head in the direction of Plaintiff's cell during the sexual acts in response to sounds coming from Plaintiff's cell, and then turn back to look at his computer.

45. Correctional Officer PITTS witnessed Defendant FARRAR leave Plaintiff's cell nine minutes after he had entered and close the door to continue on his rounds.

46. Correctional Officer PITTS made no attempt to investigate Defendant FARRAR's presence or activity in Plaintiff's cell.

47. Correctional Officer PITTS made no attempt to investigate the sounds coming out of Plaintiff's cell.

48. After Defendant FARRAR left Plaintiff's cell, Jemarcus Butler confronted Defendant FARRAR, saying "You should be ashamed of yourself" and "I know what you did over there" and described the sound he heard as being consistent with sexual activity.

49. Upon information and belief, Defendant FARRAR then offered Jemarcus Butler cookies and coffee.

50. Upon information and belief, Defendant FARRAR asked Jemarcus Butler "What do you want?"

51. Upon information and belief, Jemarcus Butler told Defendant FARRAR he wanted FARRAR to let Butler out of his cell so that Butler could take Plaintiff to the showers and have sexual contact with Plaintiff.

52. Upon information and belief, Defendant FARRAR told Jemarcus Butler that FARRAR could not do this, only because "there were cameras" and because Correctional Officer Pitts "had snitched on [FARRAR] before."

53. Jemarcus Butler observed Defendant FARRAR often spend minutes at a time outside Plaintiff's cell when FARRAR made his rounds of the jail.

54. On or about May 2, 2015, Plaintiff requested her gastrointestinal medication in advance of her scheduled recreation time as she was experiencing gastrointestinal distress.

55. On or about May 2, 2015, after Plaintiff had requested the medication, Defendant FARRAR entered Plaintiff's cell carrying a light colored rag or cloth.

56. At this time, Defendant FARRAR told Plaintiff he would only give her the medication if she performed oral sex on him.

57. On or about May 2, 2015, Plaintiff had had a dental procedure which required stitches inside her mouth.

58. Plaintiff responded that she was unable to perform oral sex because she had received stitches and her mouth was still bleeding.

59. Defendant FARRAR replied to Plaintiff that he was going to do "something," stood Plaintiff up, and forcibly bent her body over a wooden bench in her cell.

60. At this time, Defendant FARRAR forced vaginal intercourse onto Plaintiff.

61. Defendant FARRAR ejaculated into the cloth, went to the restroom, returned to give Plaintiff her medicine, and let Plaintiff out of her cell for her recreation time.

62. Plaintiff, in distress, immediately took a shower.

63. Plaintiff, while distressed, then called her mother and was unable to tell her what had happened.

64. Plaintiff while distressed then called her significant other and told him what had occurred.

65. Plaintiff then cleaned her cell in a state of distress.

66. Finally, Plaintiff laid down in her cell and cried to herself until she was able to fall asleep because, in her words, she "felt like less of a person."

67. Approximately two days after this incident, Defendant FARRAR approached Plaintiff's cell door before her recreation time.

68. On this occasion, Defendant FARRAR spoke to Plaintiff through the slot on her cell door and requested oral sex, which Plaintiff refused because she had spoken with her significant other and "knew [she] didn't have to listen anymore."

69. Plaintiff refused even though she still feared reprisal by Defendant FARRAR.

70. After these assaults, Plaintiff wrote a letter to fellow inmate Meredith Lee, referring to the assaults she experienced.

71. On May 5, 2015, a Sergeant Polk sent a memo addressed to "All Intake Officers," stating that Sergeant Polk was aware that intake officers had been granting "special privileges" to Plaintiff and holding "long conversations" with her.

72. Sometime between April 24, 2015 and May 7, 2015, Defendant FARRAR told Plaintiff that if Plaintiff reported him and was transferred to Amherst County Adult Detention Center, FARRAR had "a lot of friends" that worked in that jail, and knew many other individuals working at other jails that were part of the Blue Ridge Regional Jail Authority.

73. After these assaults, Plaintiff feared reporting FARRAR to his fellow Correctional Officers because she feared she would be transferred to another jail and retaliated against by Defendant FARRAR's friends and family.

74. After these assaults, Plaintiff feared reporting FARRAR to his fellow Correctional Officers because "[she] was an inmate," and they weren't "going to believe [her] over him."

75. Sometime between April 24, 2015 and May 7, 2015, Plaintiff asked Correctional Officer Smith, a correctional officer at Lynchburg Adult Detention Facility, what she should do if she had "a problem" with a guard. Correctional Officer Smith dismissed Plaintiff and told her that he did not want to be involved because he did not "want to have to come to court."

76. Sometime between May 2, 2015 and May 10, 2015, Plaintiff's mother and significant other visited Plaintiff in the Lynchburg Adult Detention Facility, and Plaintiff reported her sexual assaults to them.

77. On May 7, 2015, Plaintiff made a written request to speak with a Lieutenant Rivers, the Internal Affairs Investigator for the Blue Ridge Regional Jail Authority, because she "couldn't take it anymore" and "wanted it all to stop."

78. Correctional Officer Woody, a Correctional Officer at Lynchburg Adult Detention Facility, received Plaintiff's written requests to speak with Lt. Rivers.

79. Correctional Officer Woody indicated to Plaintiff that he did not want to pick up her written requests.

80. After Correctional Officer Woody retrieved these requests and brought them to the intake desk, Defendant FARRAR confronted Plaintiff, informing her that Defendant WOODY did not want to turn the requests in to Lt. Rivers or send them up the chain of command.

81. Defendant FARRAR asked Plaintiff "are you trying to get away from me?"

82. On May 8, 2015, Plaintiff called the Prison Rape Elimination Act ("PREA") hotline and reported her sexual assaults.

83. On May 11th, 2015, after a meeting with administrators for Defendant BLUE RIDGE REGIONAL JAIL AUTHORITY at which Plaintiff described her sexual assaults, Plaintiff was transferred to the Amherst Adult Detention Center.

84. After Plaintiff's reports of sexual assault, an investigation was opened by the City of Lynchburg Police Department and Blue Ridge Regional Jail Internal Affairs.

85. On May 13, 2015, Defendant FARRAR gave an interview to Detective William Tomlin of the City of Lynchburg Police Department in which Defendant FARRAR admitted to having engaged in oral sex and vaginal intercourse with Plaintiff on at least two occasions.

86. During this interview, Defendant FARRAR admitted he had been confronted by an inmate over his sexual contact with Plaintiff.

87. Defendant FARRAR stated in this interview that he was aware of instances in the past at Blue Ridge Regional Jail Authority in which correctional officers had had sexual contact with inmates.

88. At the conclusion of this interview, Defendant FARRAR was immediately placed under arrest for carnal knowledge of a prisoner.

89. The Blue Ridge Regional Jail Authority had previously received a complaint about Defendant FARRAR from a female inmate, on December 23, 2014.

90. The previous female inmate complained that Defendant FARRAR had asked her to unzip her jacket and to show FARRAR the tattoo on her stomach, and that Defendant FARRAR made a remark about the inmate "flashing" him.

91. Additionally, this inmate complained that Defendant FARRAR told the inmate she owed the jail a fee of $1.00, and that FARRAR and the inmate could "take it out in trade."

92. The prior female inmate stated that she felt "terrified" and "vulnerable," wanted to get away from FARRAR, and that FARRAR "could do whatever he wanted to do, because he is the law."

93. Despite all of this information, Defendant Officers and the Blue Ridge Jail Authority did nothing to protect Plaintiff KATHERINE PAINTER or move her away from Defendant FARRAR.

94. Plaintiff KATHERINE PAINTER continues to suffer from acute anxiety and depression as a result of her sexual assaults.

95. Plaintiff KATHERINE PAINTER was and continues to be severely emotionally distressed and affected by the assaults occurring at Blue Ridge Regional Jail Authority.

## CLAIMS FOR RELIEF

### COUNT I-§1983-Violation of Eighth Amendment Rights
*(Katherine Painter v. Defendant Officers Farrar and Pitts)*

96. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 95 with the same force and effect as if fully set out in specific detail herein below.

97. Plaintiff KATHERINE PAINTER had a constitutional right to be free from unlawful sexual harassment, abuse, and assault while imprisoned at the Lynchburg Adult Detention Facility.

98. The Plaintiff had a constitutional right to be free from cruel and unusual punishment while imprisoned at the Lynchburg Adult Detention Facility.

99. At all times relevant to this complaint, Defendant Officer FARRAR was employed by Defendant BLUE RIDGE REGIONAL JAIL AUTHORITY. All actions performed by Defendant Officer FARRAR were done under color of state law and constitute state action.

100. At all times relevant to this complaint, Defendant Officer PITTS was employed by Defendant BLUE RIDGE REGIONAL JAIL AUTHORITY. All actions performed by Defendant Officer PITTS were done under color of state law and constitute state action.

101. Defendant Officer FARRAR repeatedly and knowingly sexually coerced and assaulted Plaintiff KATHERINE PAINTER.

102. Defendant Officer PITTS knowingly failed to intervene or respond in any way to the repeated sexual assault of Plaintiff KATHERINE PAINTER by Defendant FARRAR.

103. The sexual harassment and abuse inflicted upon Plaintiff KATHERINE PAINTER included, but was not limited to, coerced oral and vaginal sex and other unwanted intrusions of a sexual nature and was severe, pervasive, and amounted to an unnecessary and wanton infliction of emotional distress and pain.

104. Defendant Officer FARRAR was aware that Plaintiff KATHERINE PAINTER faced a substantial risk of serious bodily harm through his actions.

105. DEFENDANT PITTS was aware that Plaintiff KATHERINE PAINTER faced a substantial risk of serious bodily harm, including sexual abuse and assault, yet failed to do anything to stop it.

106. Defendant Officers FARRAR and PITTS acted with deliberate indifference to the substantial risk of serious bodily harm, including sexual abuse and assault, to Plaintiff KATHERINE PAINTER.

107. Defendant Officers FARRAR and PITTS' failure to stop or take action to stop the sexually hostile environment and assaults constituted deliberate indifference to the known and obvious consequences of allowing the sexually hostile environment and assaults to continue in violation of the Plaintiff's constitutional rights.

108. The effect of the sexual abuse and the failure to remedy the abuse, as outlined above, deprived Plaintiff KATHERINE PAINTER of her statutory and constitutional rights granted by the Eighth Amendment to the United States Constitution and 42 U.S.C. Section 1983.

109. As a result of Defendant Officers FARRAR and PITTS' deliberate indifference to the repeated incidences of serious bodily harm, including sexual abuse and assault, inflicted on Plaintiff KATHERINE PAINTER, Plaintiff suffered physical injury, severe emotional and mental distress, humiliation, and degradation.

110. Moreover, as a result of Defendant Officers FARRAR and PITTS' conduct, Plaintiff suffered injuries and is entitled to recover all damages allowable for constitutional violations such as 42 USC § 1983, including compensatory damages, special damages, economic damages, all costs incurred in prosecuting this action, and attorney's fees pursuant to 42 USC § 1988.

WHEREFORE, Plaintiff KATHERINE PAINTER demands judgment against Defendant Officers TIMOTHY FARRAR and PITTS for damages, costs, disbursements, attorney's fees, interests, and for any further relief that this Court deems fair and just.

### COUNT II-§1983-*Monell*
*(Katherine Painter vs. Blue Ridge Regional Jail Authority)*

111. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 110 with the same force and effect as if fully set out in specific detail herein below.

112. Plaintiff PAINTER had a constitutional right to be free from unlawful sexual harassment, abuse, and assault while imprisoned at the Lynchburg Adult Detention Facility.

113. The Plaintiff had a constitutional right to be free from cruel and unusual punishment while imprisoned at the Lynchburg Adult Detention Facility.

114. At all times relevant to this complaint, Defendant Officer TIMOTHY FARRAR was employed by Defendant BLUE RIDGE REGIONAL JAIL AUTHORITY. All actions performed by Defendant Officer FARRAR were done under color of state law and constitute state action.

115. At all times relevant to this complaint, Defendant Officer PITTS was employed by Defendant BLUE RIDGE REGIONAL JAIL AUTHORITY. All actions performed by Defendant Officer PITTS were done under color of state law and constitute state action.

116. At all relevant times, the employees, agents, and/or officers of Defendant BLUE RIDGE REGIONAL JAIL AUTHORITY, including Defendant Officers, were acting pursuant to an expressly adopted official policy or a longstanding practice or custom of the Defendant BLUE RIDGE REGIONAL JAIL AUTHORITY.

117. Upon information and belief, Defendant BLUE RIDGE REGIONAL JAIL AUTHORITY, including its agents, employees, and/or officers, together with other BLUE RIDGE REGIONAL JAIL AUTHORITY policymakers and supervisors maintained, *inter alia*, the following unconstitutional customs, practices, and/or policies:

   a. Permitting male officers to enter the cells of female inmates without supervision at the Blue Ridge Regional Jail Authority Lynchburg Adult Detention Center;

   b. Permitting male officers with known histories of complaints by female offenders to enter the cells of vulnerable offenders without supervision at the Lynchburg

Adult Detention Center;

c. Failing to properly train correctional officers at the Lynchburg Adult Detention Center on not committing and preventing sexual assault or coercion by correctional officers against inmates to ensure inmate safety;

d. Failing to properly train correctional officers at the Lynchburg Adult Detention Center on recognizing sexual assault or coercion by correctional officers against inmates to ensure inmate safety;

e. Permitting correctional officers to access inmates' private medical files and provide medication to inmates for their own purposes;

f. Failing to properly train correctional officers at the Lynchburg Adult Detention Center to understand and recognize consent and coercion;

g. Failing to properly supervise the inmates housed at the Lynchburg Adult Detention Center;

h. Failing to properly supervise the correctional officers employed at the Lynchburg Adult Detention Center;

i. Failing to discipline officers who create threats to inmate safety, including threats of sexual assault;

j. Failing to implement a warning system to prevent sexual abuse and assault among correctional officers and inmates at the Lynchburg Adult Detention Center; and

k. Failing to train officers to intervene when they were notified of sexual abuse and/or assault taking place at the Lynchburg Adult Detention Center.

118. The employees, agents and/or officers of Defendant BLUE RIDGE REGIONAL JAIL AUTHORITY deprived Plaintiff KATHERINE PAINTER of her rights, privileges, and immunities secured by the Eighth Amendments of the United States Constitution, including the right to be free from unlawful sexual harassment, abuse, and assault while imprisoned and the right to be free from cruel and unusual punishment.

119. Defendant BLUE RIDGE REGIONAL JAIL AUTHORITY had actual and/or constructive knowledge of the deficient policies, practices and customs alleged above. Despite having knowledge of the above, the Defendant condoned, tolerated and through its

own actions or inactions thereby ratified such policies. Defendant also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of Plaintiff.

120. The policies, customs, and practices of Defendant BLUE RIDGE REGIONAL JAIL AUTHORITY described in this complaint were the moving force behind Defendant Officers' actions in allowing Plaintiff KATHERINE PAINTER to be assaulted and harassed.

121. As a direct and proximate result of the Constitutional violations caused by the employees, agents and/or officers of Defendant BLUE RIDGE REGIONAL JAIL AUTHORITY, and other policymakers, Plaintiff suffered violations of her Constitutional rights guaranteed to her by the Eighth Amendments, as well as other provisions, of the United States Constitution, and suffered physical and emotional injuries.

122. Moreover, as a result of Defendant Officers FARRAR and PITTS' conduct, and Defendant BLUE RIDGE REGIONAL JAIL AUTHORITY, Plaintiff suffered injuries and is entitled to recover all damages allowable for constitutional violations such as 42 USC § 1983, including compensatory damages, special damages, economic damages, all costs incurred in prosecuting this action, and attorney's fees pursuant to 42 USC § 1988.

WHEREFORE, Plaintiff KATHERINE PAINTER demands judgment against Defendant BLUE RIDGE REGIONAL JAIL AUTHORITY for damages, costs, disbursements, attorney's fees, interests, and for any further relief that this Court deems fair and just.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff KATHERINE PAINTER respectfully requests the following relief:

(A) Compensatory damages, in an amount to be ascertained at trial, for the unlawful sexual assaults committed upon Plaintiff KATHERINE PAINTER, complained of herein.

(B) Punitive damages from individual Defendant Officers, in an amount to be ascertained at trial, for Defendants' deliberate indifference to KATHERINE PAINTER's constitutional rights.

(C) Attorneys' fees, costs, and expenses, pursuant to 42 U.S.C. § 1988.

(D) Such other and further relief as this Court may deem just and proper.

Respectfully Submitted,

By: \_\_/s/_____
Attorney for Plaintiffs

T. Vaden Warren, Jr.
THE WARREN FIRM PLLC
516 Locust Ave.
Charlottesville, VA 22902
Tel: (434) 972-9090
Fax: (434) 972-9091
Email: vwarren@warren-law.com
VA Bar No.: 42004