IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | | |
|---|---|---|
| KATHERINE PAINTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 6:17cv34 |
| | ) | |
| BLUE RIDGE REGIONAL JAIL AUTHORITY, et al., | ) ) | |
| | ) | |
| Defendants. | ) | |

### **DEFENDANT PITTS' MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**

Defendant Corrections Officer Pitts, by counsel, submits this memorandum in support of his motion to dismiss.

### **Statement of the Case**

Painter filed suit against the Defendants under 42 U.S.C. § 1983 alleging that the Defendants violated her rights under the Eighth Amendment to the United States Constitution. Painter alleges that she was repeatedly sexually assaulted while in the custody of Blue Ridge Regional Jail (hereinafter, "Regional Jail"). She alleges that she sustained injuries as a result of Defendant Farrar's intentional acts described in the Complaint and Farrar and Pitts' deliberate indifference and willful and wanton conduct. Pitts filed a motion to dismiss the claim against him for failing to state a cause of action upon which relief can be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## Statement of Facts

As required, the facts are taken directly from the Complaint. For purposes of this motion, Pitts accepts that the Court must consider all well-pleaded allegations in the Complaint to be true.

Painter alleges that Farrar and Pitts were correctional officers employed by the Regional Jail. She claims that on numerous occasions in April-May 2015 Farrar sexually assaulted her while she was incarcerated at the Regional Jail. Painter alleges that Pitts was working on the night of April 24, 2015 "and was seated at a nearby desk using a computer during" one of the sexual assaults. (Complaint, ¶ 42.) She alleges that Pitts saw Farrar open Painter's cell door and enter her cell. (Complaint, ¶ 43.) She alleges that inmate Butler witness Pitts turn his head in the direction of Painter's cell in response to sounds coming from Painter's cell and then turn back to look at his computer. (Complaint, ¶ 44.) She states that Pitts witnessed Farrar leave her cell nine minutes after he entered and closed the door to continue his rounds and made no attempt to investigate Farrar's presence or activity in her cell or the sounds coming from her cell. (Complaint, ¶¶ 45, 46, 47.) Painter makes no other factual allegations against Pitts.

## Argument and Authority

### The standard under Rule 12(b)(6).

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a party to move for dismissal of a complaint for failure to state a claim upon which relief can be granted. To survive dismissal for failure to state a claim, a plaintiff must establish "facial plausibility" by pleading "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In ruling on a 12(b)(6) motion, all well-pleaded allegations in the complaint are taken as true and all reasonable factual

inferences are drawn in the plaintiff's favor. *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999). However, "[a]t bottom, a plaintiff must 'nudge [her] claims across the line from conceivable to plausible' to resist dismissal." *Wag More Dogs, LLC v. Cozart*, 680 F.3d 359, 364-65 (4th Cir. 2012) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The complaint must contain sufficient facts "to raise a right to relief above the speculative level" and "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 555, 570. Although a complaint need not contain detailed factual allegations, it must contain more than "labels and conclusions" and "a formulaic recitation of the elements of a cause of action will not do." *Id*. at 555.

**Pitts is not subject to "bystander" liability.**

The general rule in cases brought under 42 U.S.C. § 1983 is that a plaintiff must allege that a defendant acted personally in the deprivation of a plaintiff's rights. *Wright v. Collins*, 766 F.2d 841, 850 (4th Cir. 1985). The Court relaxed that standard in recognizing a theory of bystander liability. *Randall v. Prince George's County*, 302 F.3d 188 (4th Cir. 2002); *Stevenson v. City of Seat Pleasant*, 743 F.3d 411 (4th Cir. 2014). An officer may be liable under § 1983 on a theory of bystander liability if he (1) knows that a fellow officer is violating an individual's constitutional rights; (2) has a reasonable opportunity to prevent the harm; and (3) chooses not to act. 302 F.3d at 204; 743 F.3d at 418.

Painter's claim of bystander liability against Pitts lacks facial plausibility and must be dismissed. The allegations in the Complaint simply do not meet the requirements of *Iqbal* and *Twombly*. In particular, Painter's allegations that Pitts had knowledge that Farrar was violating Painter's constitutional rights on April 24, 2015, are not plausible.

Bystander liability requires actual knowledge as opposed to constructive knowledge. The Fourth Circuit drew the distinction between knowledge required for bystander liability and the actual or construction knowledge necessary for supervisory liability in *Randall*, 302 F.3d at 205-206. The allegations against Pitts do not rise to the necessary level of plausibility to establish that Pitts had knowledge that Farrar was violating Painter's constitutional rights.

The omissions from Painter's factual allegations speak more loudly than the allegations. Painter specifically did not allege that Pitts witnessed the sexual activity between Painter and Farrar. Painter did not allege that she made any protest or other sounds that would alert Pitts that she was the victim of sexual assault. Although disgraceful and egregious, consensual sexual relations between a prison guard and inmate do not constitute a constitutional violation. Therefore, assuming all of Painter's allegations are true and assuming even further that Pitts actually knew that Farrar and Painter engaged in sexual relations, Pitts would have no way of knowing the relations were nonconsensual and therefore unconstitutional. The allegation that Pitts turned his head toward the cell during the sexual assault is not sufficient because it does not establish that Pitts saw Painter and Farrar engaging in sexual relations or that the relations were nonconsensual. Likewise, Farrar's presence in Painter's cell for nine minutes does not establish Pitts' knowledge that Farrar violated Painter's constitutional rights. Although Painter's allegations may place Pitts in the vicinity of the activity, the allegations do not establish that Pitts actually saw the activity or had knowledge of the constitutional violation.

## Conclusion

For the foregoing reasons, Pitts asks this Court to sustain his motion and dismiss him from this lawsuit and grant such other relief as the Court may deem appropriate.

CORRECTIONS OFFICER PITTS

By: /s/Jim H. Guynn, Jr.
Jim H. Guynn, Jr. (VSB # 22299)
Guynn & Waddell, P.C.
415 S. College Avenue
Salem, Virginia  24153
Phone: 540-387-2320
Fax:     540-389-2350
Email: jimg@guynnwaddell.com
*Attorney for Defendant Corrections Officer Pitts*

## **CERTIFICATE OF SERVICE**

      I do hereby certify that on this 9th day of June, 2017, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

T. Vaden Warren, Jr., Esq.
The Warren Firm PLLC
516 Locust Avenue
Charlottesville, VA 22902
vwarren@warren-law.com
*Counsel for Plaintiff*

/s/ Jim H. Guynn, Jr.
Jim H. Guynn, Jr. (VSB # 22299)
Guynn & Waddell, P.C.
415 S. College Avenue
Salem, Virginia  24153
Phone: 540-387-2320
Fax:     540-389-2350
Email: jimg@guynnwaddell.com
*Attorney for Defendant Corrections Officer Pitts*

5