**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**

--------------------------------------------------------------------------------------------------------------

Katherine Painter;                                      )
              Plaintiff,                          )
                                 )
                                 )    No: 6:17-CV-00034
       v.                                             )
                                 )
                                 )
Blue Ridge Regional Jail Authority; Corrections  )
Officer Timothy Farrar, individually and as an   )
Agent of the Blue Ridge Jail Authority; and     )
Corrections Officer Pitts, individually and as an  )
Agent of the Blue Ridge Jail Authority;       )
                                 )
              Defendants.                       )

---

## PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO SERVE DEFENDANT FARRAR

      NOW COME(S) the Plaintiff, Katherine Painter, by and through her attorneys, THE

WARREN FIRM PLLC and ROMANUCCI & BLANDIN, LLC, and respectfully moves the

Court enter an order extending the time for service of the Complaint and Summons on Defendant

Farrar under Federal Rules of Civil Procedure 4(m).

### I.     **Introduction**

      Rule 4(m) specifically allows for an extension of time upon a showing for good cause.

F.R.C.P.4(m) reads as follows:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion
> or on its own after notice to the plaintiff—must dismiss the action without prejudice against
> that defendant or order that service be made within a specified time. ***But if the plaintiff
> shows good cause for the failure, the court must extend the time for service for an
> appropriate period.*** (emphasis added).

      Absent good cause, the Court can decide to extend the time period in its discretion. Plaintiffs

have shown good cause in the multiple attempts to serve Defendant Farrar and have received

information that may allow service to be completed. Even if the Court finds that Plaintiff's

diligent efforts do not provide good cause, the Plaintiff respectfully asks that the Court grant its request for extension in its discretion.

## II.    Brief Statement of Relevant Facts.

1. On April 17, 2017, Plaintiff filed her complaint.

2. Plaintiff engaged the services of Legal Process Service of Virginia to effect service of the Defendants.

3. On May 10, 2017, summonses were issued in the present matter against Defendants Farrar, Pitts, and Blue Ridge Regional Jail Authority.

4. On May 19, 2017, Defendant Pitts was served.

5. An executed summons was filed proving service of Defendant Pitts on June 9, 2017.

6. On May 19, 2017, Defendant Blue Ridge Regional Jail Authority was served.

7. An executed summons was filed proving service of Defendant Blue Ridge Regional Jail Authority on June 9, 2017.

8. Plaintiff investigated serving Defendant Farrar at Defendant Blue Ridge Regional Jail Authority facilities and discovered Defendant Farrar no longer worked there.

9. Plaintiff's process server began searching for other addresses at which Defendant Farrar could be served.

10. On June 9, 2017 service was attempted on Defendant Farrar at an address on Walden Pond in Lynchburg, Virginia, to no avail.

11. On June 13, 2017, service was attempted on Defendant Farrar at an address in Forest, Virginia, to no avail.

12. On June 15, 2017, service was attempted on Defendant Farrar at an address in Falling Creek, Virginia, to no avail.

13. On June 24, 2017, service was attempted on Defendant Farrar at an address in Appomattox, Virginia, to no avail.

14. On June 27, 2017, service was attempted on Defendant Farrar at an address on Old Forest Road in Lynchburg, Virginia, to no avail.

15. Plaintiff's most recent attempt resulted in attempting to serve Defendant Farrar at a residence associated with his name.

16. Plaintiff's process server encountered the father of Defendant Farrar who indicated he would not accept service for Defendant Farrar.

17. Plaintiff's process server was given information that Defendant Farrar now works for a trucking company in Pensacola, Florida and may be residing in his vehicle.

18. Plaintiff's process server has discovered other contacts that may know where the Plaintiff is residing.

19. Plaintiff is in talks with private investigators that can help with information that may lead to service.

20. Under Rule 4(m), the deadline to serve Defendant Farrar is July 13, 2017.

### III. <u>Good Cause.</u>

Plaintiff respectfully requests an extension of time to serve Defendant Farrar with good cause for the relief she seeks. "Good cause" as used in Rule 4(m) refers to a legally sufficient ground or reason based on *all* relevant circumstances. *Robinson v. G D C, Inc.,* 193 F. Supp. 3d 577, 580 (E.D. Va. 2016). To make a showing of good faith, Plaintiff must show that he made reasonable and diligent efforts to serve within the time limit and acted in good faith to attempt service. *Staton v. Doe*, 6:15CV34, 2016 WL 4742485, at *2 (W.D. Va. Aug. 19, 2016), *report and recommendation adopted*, 6:15-CV-00034, 2016 WL 4742338 (W.D. Va. Sept. 12, 2016). The

Court may find good cause where the Plaintiff has taken some affirmative action to effectuate service of process on the defendant or has been prohibited through no fault of his own to do so. *Id.* (citing *Tenenbaum v. PNC National Assoc.*, 2011 WL 2038550, at *4 (quoting *Vincent v. Reynolds Mem'l Hosp., Inc.*, 141 F.R.D. 436, 437 (N.D.W. Va. 1992)).

The many factors for good cause inquiry include the possibility of prejudice to the defendant, the length of the delay and its impact on the proceedings, the reason(s) for the delay and whether the delay was within the plaintiff's control, whether the plaintiff sought an extension before the deadline, the plaintiff's good faith, any prejudice to the plaintiff, such as by operation of statutes of limitation that may bar refiling, and whether time has previously been extended. <u>Robinson v. G D C, Inc.</u>, 193 F. Supp. 3d 577, 580 (E.D. Va. 2016). (citing *Kurka v. Iowa Cty., Iowa*, 628 F.3d 953, 959 (8th Cir.2010); *Newby v. Enron Corp.*, 284 Fed.Appx. 146, 149–51 (5th Cir.2008); *Carter v. Keystone*, 278 Fed.Appx. 141, 142 (3d Cir.2008); *Melton v. Wiley*, 262 Fed.Appx. 921, 924 (11th Cir.2008)).

### 1. Prejudice to Defendant, Length of Delay, and Impact on the Proceedings

Plaintiff has not yet caused any delay. Anye delay caused by an extension to serve will not be "so significant that defendants cannot now mount an effective defense". *Robinson v. G D C, Inc.*, 193 F. Supp. 3d 577, 580 (E.D. Va. 2016) (allowing good cause to be found where a delay would not affect defense of case). Plaintiffs are asking for a relatively short extension, reflecting the time required for service on a Defendant who may be travelling for work and may no longer live within the state. This should have no impact on proceedings.

Defendants Pitts and Blue Ridge Regional Authority have not suffered and will not suffer any prejudice if time is extended to serve Defendant Farrar. Plaintiff has followed each court set deadline, despite having one more Defendant to serve. Defendants have been able to file

responsive pleadings and attend to discovery according to the original schedule of the Court.

Defendant Farrar could not have suffered any prejudice to due to the Plaintiff not serving him yet. Defendant Farrar has not been required to file responsive pleadings, follow the court schedule, or take any other action with regards to this case. Defendant Farrar will still have the opportunity to appear, answer, plead, and take part in the discovery process once he has been served. The Court has indicated some flexibility in changing the set trial date if Defendant Farrar has a conflict with the selected date. To date, there has been no written discovery in the present case nor have any depositions been taken.

### 2. Reasons for Delay, Plaintiff's Good Faith, and Whether in Plaintiff's Control

As described in the fact statement, Plaintiff has diligently attempted service on Defendant Farrar, attempting four addresses within the allotted 90 days, some on multiple occasions. Plaintiff's recent discovery that Defendant Farrar now works in Florida and is traveling extensively for work demonstrates that the inability of the Plaintiff to serve Defendant Farrar at the stated addresses were not for a lack of diligence. Plaintiff has demonstrated good faith in attempting service.

Plaintiff has taken all steps within her control, given the information at her disposal. Given the new information, Plaintiff can now take the necessary steps to effect service.

### 3. Whether Plaintiff Sought an Extension Before the Deadline

Plaintiff's deadline for service is the end of business on July 13, 2017. Plaintiff's last attempt for service was on June 27, 2017, as Plaintiff continues to attempt to locate Defendant Farrar. Plaintiff is requesting an extension before the deadline.

### 4. Prejudice to Plaintiff

Plaintiff may be subject to a two year statute of limitations, arising from the incidents

occurring in April and May of 2015. If Plaintiff is not granted time to attempt service on Defendant Farrar she will be unable to pursue the action against the alleged perpetrator of her sexual assault. The Plaintiff will be enormously prejudiced if she cannot bring suit against her assailant in both his individual and official capacity.

### IV.    <u>Exercise of Discretion.</u>

Rule 4(m) unambiguously permits an extension of time to serve process regardless whether a plaintiff can show good cause for delay. *Robinson v. G D C, Inc.*, 193 F. Supp. 3d 577, 581 (E.D. Va. 2016). *See also Horenkamp v. Van Winkle and Co., Inc.,* 402 F.3d 1129 (11th Cir. 2005); *Petrucelli v. Bohringer & Ratzinger*, 46 F.3d 1298, 1305 (3d Cir. 1995).

Courts have leeway to preserve meritorious lawsuits despite untimely service of process. The discretion given to district courts under Rule 4(m) to extend the time for service even without a showing of good cause is broad. *Efaw v. Williams*, 473 F.3d 1038, 1040 (9th Cir. 2006).

Factors such as "a statute of limitations bar, prejudice to the defendant, actual notice of a lawsuit, and eventual service" help the court determine whether an extension should be granted. *Id.* at 1041.   The applicable factors favor extending the time for service against Defendant Farrar.

### 1.   Actual Notice to the Defendants.

"'Actual notice to a defendant that an action was filed militates against a finding of prejudice.'" Ritter, 2003 WL 23112306, at *4 (quoting Boley v. Kaymark, 123 F.3d 756, 759 (3d Cir. 1997)).   This lawsuit stems from the allegations of sexual assault done by Defendant Farrar. Defendant Farrar was tried related criminal charges stemming from the same incident. Defendant Farrar has been on notice since the time of said criminal trial that a civil trial may stem from the same litigation. The lawsuit itself is a matter of public record and Defendant Farrar is named on

it.

Moreover, Defendant Pitts and Defendant Blue Ridge Regional Authority have been served and appeared. Plaintiffs allege both personal and official capacity in the Complaint at law, as such, it is likely that the served Defendants' attorneys could possibly appear for Defendant Farrar in the future, at least as to his official capacity. It is well settled that a nonspecific complaint may be characterized as alleging both official and personal capacity liability. See Brandon v. Holt, 469 U.S. 464, 469 (1985); Kentucky v. Graham, 473 U.S. 159, 166-67 (1985).

Finally, the lawsuit was attempted to be served on Defendant Farrar's father, who would not accept service on his behalf but indicated that he may still have contact with him. Defendant Farrar was likely informed that not only has a lawsuit been filed regarding the incidents in the complaint but that he himself is a listed individually as a Defendant. Defendant Farrar likely has actual notice of the present law suit.

**2. Absence of Prejudice to the Defendants.**

As described above, Defendants will not be prejudiced by the extension in time. *In LHF Productions, Inc. v. Does*, 2016 WL 7422658, at *6 (E.D. Va. Dec. 22, 2016), the Court declined to determine whether the Plaintiff showed good cause for its failure to serve within the time period proscribed. *Id.* Because the case was in the early stages of litigation, the Court used its discretion to grant an extension. *Id.* The Court saw no prejudice to the Defendants where an answer had not been filed. *Id.* Using the same logic, the Defendants here have not yet begun the discovery process and will not be prejudiced.

**3. Statute of Limitations Bar.**

The Ninth Circuit has used the existence of a statute of limitations bar as a factor supporting the exercise of discretion to extend the time for service. *United States v. 2164 Watches*, 366 F.3d

767, 773 (9th Cir. 2004). As described previously, due to the time-sensitive nature of the instant matter, jurisprudence favors the Court extending the time for Plaintiff to perfect service.

**4. The Importance of this case.**

The present matter is of utmost importance. Plaintiff bring civil rights and Monell claims against the Defendants, alleging that violations of her Constitutional rights caused her sexual assault and her assault itself was an abrogation of the rights guaranteed to her under the Constitution. Public policy favors disposition of cases on their merits rather than dismissal on procedural grounds. "This policy favoring resolution on the merits 'is particularly important in civil rights cases.'" *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998) (citation omitted). Plaintiff's opportunity to prosecute violations of her constitutional violations while in the incredibly vulnerable position of female prisoner and victim of sexual assault is of utmost importance.

<u>**CONCLUSION**</u>

In light of the foregoing, we respectfully ask this Court to grant a 45-day extension of the time period for serving Defendant Farrar, to and including August 27, 2017.

By:_____/s/ T. Vaden Warren, Jr._____
　　　　　　T. Vaden Warren, Jr.

　　　　　　Attorney for Plaintiff
　　　　　　T. Vaden Warren, Jr.
　　　　　　THE WARREN FIRM PLLC
　　　　　　516 Locust Ave.
　　　　　　Charlottesville, VA 22902
　　　　　　Tel: (434) 972-9090
　　　　　　Fax: (434) 972-9091
　　　　　　Email: vwarren@warren-law.com
　　　　　　VA Bar No.: 42004

　　　　　　Bhavani Raveendran
　　　　　　ROMANUCCI & BLANDIN

321 N. Clark St.; Ste 900
Chicago, IL  60654
Tel: (312) 458-1000
Fax: (312) 458-1004
Email: braveendran@rblaw.net
Attorney No.: 6309968/ Ill.


## CERTIFICATE OF SERVICE

I do hereby certify that on this 13th day of July, 2017, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Jim H. Guynn, Jr. (VSB # 22299)
Guynn & Waddell, P.C.
Counsel for Defendant Officer Pitts
415 S. College Avenue
Salem, Virginia 24153
Phone: 540-387-2320
Fax: 540-389-2350
Email: jimg@guynnwaddell.com

Carlene Booth Johnson VSB No. 36473
Perry Law Firm
A Professional Corporation
Counsel for Defendant Blue Ridge Regional Jail Authority
262 Chellowe Road
Dillwyn, Virginia 23936
tel: (434) 983-5005
fax: (434) 983-5021
email: perrylawfirm@hughes.net

By:_____/s/ T. Vaden Warren, Jr._____
             T. Vaden Warren, Jr.

Attorney for Plaintiff
THE WARREN FIRM PLLC
516 Locust Ave.
Charlottesville, VA 22902
Tel: (434) 972-9090
Fax: (434) 972-9091
Email: vwarren@warren-law.com
VA Bar No.: 42004