UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA

---

Katherine Painter; )
    Plaintiff, )
)
) No: 6:17-CV-00034
v. )
)
)
Blue Ridge Regional Jail Authority; Corrections )
Officer Timothy Farrar, individually and as an )
Agent of the Blue Ridge Jail Authority; and )
Corrections Officer Pitts, individually and as an )
Agent of the Blue Ridge Jail Authority; )
)
    Defendants. )

---

### PLAINTIFF'S MOTION FOR THE COURT TO ENTER AN ORDER DETERMINING DEFENDANT FARRAR SERVED OR IN THE ALTERNATIVE, EXTENDING SERVICE FOR DEFENDANT FARRAR

NOW COME(S) the Plaintiff, Katherine Painter, by and through her attorneys, THE WARREN FIRM PLLC and ROMANUCCI & BLANDIN, LLC, and respectfully moves the Court enter an order deeming Defendant Farrar served or, in the alternative, extending the time for service of the Complaint and Summons on Defendant Farrar under Federal Rules of Civil Procedure 4(m) and allow service by publication.

    **I.**    **Introduction**

Plaintiff filed its first Motion for Extension to Serve Defendant Farrar on July 13, 2017. In said motion, Plaintiff detailed her attempts to serve Defendant Farrar at 5 different addresses and that she had gained information that Defendant Farrar may have relocated to Florida. Despite diligent efforts to serve personally serve Defendant Farrar, Plaintiff has not been able to obtain service. On August 28, 2017, the subject complaint and summons were posted on the address known to be the residence of the wife of Defendant Farrar. See Affidavit of Service attached

hereto as Exhibit A. Consequently, Plaintiff seeks leave for this court to deem Defendant Farrar served by posting or, in the alternative, extend the deadline to serve and allow service by publication.

Rule 4(m) specifically allows for an extension of time upon a showing for good cause. Absent good cause, the Court can decide to extend the time period in its discretion. Plaintiffs have previously shown good cause in the multiple attempts to serve Defendant Farrar and have now located Defendant Farrar but have been unable to gain personal service. Even if the Court finds that Plaintiff's diligent efforts do not provide good cause, the Plaintiff respectfully asks that the Court grant its request for extension in its discretion.

## II.     Brief Statement of Relevant Facts.

1. On April 17, 2017, Plaintiff filed her complaint.
2. Plaintiff engaged the services of Legal Process Service of Virginia to effect service of the Defendants.
3. On May 10, 2017, summonses were issued in the present matter against Defendants Farrar, Pitts, and Blue Ridge Regional Jail Authority.
4. On May 19, 2017, Defendant Pitts was served and an executed summons was filed proving service of Defendant Pitts on June 9, 2017.
5. On May 19, 2017, Defendant Blue Ridge Regional Jail Authority was served and an executed summons was filed proving service of Defendant Blue Ridge Regional Jail Authority on June 9, 2017.
6. After determining that Defendant Farrar no longer worked at Defendant Blue Ridge Regional Jail Authority, service was attempted by process server Willis Mayberry and failed on the following addresses and dates:

      i. June 9, 2017: service attempted on Walden Pond in Lynchburg, Virginia.

      ii. June 13, 2017: service attempted in Forest, Virginia.

      iii. June 15, 2017: service attempted in Falling Creek, Virginia.

      iv. June 24, 2017: service attempted in Appomattox, Virginia.

      v. June 27, 2017: service attempted on Old Forest Road in Lynchburg, Virginia.

7. On June 27, 2017 Plaintiff attempted to serve Defendant Farrar through his father and was told by that he worked for a trucking company in Pensacola, Florida and may be residing in his vehicle.

8. Plaintiff began searching for Defendant Farrar in Florida at that time, to no avail.

9. On July 13, 2017, Plaintiff filed her first motion for extension for the deadline to serve Defendant Farrar.

10. This Court granted said motion on July 18, 2017 and gave Plaintiffs until Sunday, August 27, 2017 to serve Defendant Farrar.

11. Attorneys for the Plaintiff engaged Integrity Process Serving, Inc. and requested a search for Defendant Farrar in the state of Florida.

12. On July 25, 2017, Plaintiff began search for Defendant Farrar in Virginia again. See Affidavit attached hereto as Exhibit B.

13. On August 11, 2017, process servers spoke to Defendant Farrar's father and he confirmed that his son had gotten married. See Exhibit B.

14. Service was attempted on the home of the purported wife in Lynchburg, Virginia. See Exhibit B.

15. On August 25, 2017, process servers attempted service on the home of the wife of Defendant

Farrar and failed. See Exhibit B.

16. On August 28, 2017, process server for Plaintiff posted the Complaint and Summons on the front door of the residence belonging to the wife of Defendant Farrar. See Affidavit of Service attached hereto as Exhibit A.

### III. Determine Defendant Farrar served by posting or allow alternative service.

Based on the diligent efforts of multiple process servers, Plaintiff requests that the Court determine that the service on Defendant Farrar was sufficient by delivering copies of the Complaint and Summons to his wife's home in Lynchburg, Virginia after repeated attempts to serve him at the home of his parents, his last known usual place of abode.

Federal Rule of Civil Procedure 4(e)(1) states as follows: "Unless federal law provides otherwise, an individual … may be effected in a judicial district of the United States by: (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made…" Code of Virginia, Title 8.01 Civil Remedies and Procedure, Chapter, Section 296 "Manner of serving process upon natural persons" allows service in the following methods:

1. By delivering a copy thereof in writing to the party in person; or

2. By substituted service in the following manner:

a. If the party to be served is not found at his usual place of abode, by delivering a copy of such process and giving information of its purport to any person found there, who is a member of his family, other than a temporary sojourner or guest, and who is of the age of 16 years or older; or

b. If such service cannot be effected under subdivision 2 a, then by posting a copy of such process at the front door or at such other door as appears to be the main entrance of such place of abode, provided that not less than 10 days before judgment by default may be entered, the party causing service or his attorney or agent mails to the party served a copy of such process and thereafter files in the office of the clerk of the court a certificate of such mailing.

For the reasons stated in the brief fact statement above, service cannot with due diligence be made personally upon Defendant Farrar nor will the individuals residing in his purported residences accept service on his behalf. Efforts to identify Defendant Farrar personally remain unsuccessful however, Plaintiff was able to post Complaint and Summons on the entrance to the apartment of his wife. See Exhibit A.

### IV.   Good Cause To Extend Time to Serve.

Plaintiff respectfully requests an extension of time to serve Defendant Farrar with good cause for the relief she seeks. F.R.C.P.4(m) reads as follows:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. ***But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.*** (emphasis added).

"Good cause" as used in Rule 4(m) refers to a legally sufficient ground or reason based on *all* relevant circumstances. *Robinson v. G D C, Inc.,* 193 F. Supp. 3d 577, 580 (E.D. Va. 2016). To make a showing of good faith, Plaintiff must show that he made reasonable and diligent efforts to serve within the time limit and acted in good faith to attempt service. *Staton v. Doe*, 6:15CV34, 2016 WL 4742485, at *2 (W.D. Va. Aug. 19, 2016), *report and recommendation adopted*, 6:15-CV-00034, 2016 WL 4742338 (W.D. Va. Sept. 12, 2016). The Court may find good cause where the Plaintiff has taken some affirmative action to effectuate service of process on the defendant or has been prohibited through no fault of his own to do so. *Id.* (internal citations omitted).

The many factors for good cause inquiry include the possibility of prejudice to the defendant, the length of the delay and its impact on the proceedings, the reason(s) for the delay and whether the delay was within the plaintiff's control, whether the plaintiff sought an extension before the deadline, the plaintiff's good faith, any prejudice to the plaintiff, such as by operation of statutes

of limitation that may bar refiling, and whether time has previously been extended. *Robinson v. G D C, Inc.*, 193 F. Supp. 3d 577, 580 (E.D. Va. 2016) (citing *Kurka v. Iowa Cty., Iowa*, 628 F.3d 953, 959 (8th Cir.2010).

   **1. Prejudice to Defendant, Length of Delay, and Impact on the Proceedings**

Even withstanding the previous motion to extend time to serve, Plaintiff has not yet caused any delay. Plaintiffs are asking for a relatively short extension, reflecting the time required for service on a Defendant who may well be avoiding service. Plaintiffs have located Defendant Farrar and will continue to attempt service until effectuated, barely impacting proceedings.

Defendants Pitts and Blue Ridge Regional Authority are currently awaiting ruling on the Defendants' Motions to Dismiss. They have not suffered and will not suffer any prejudice if time is extended to serve Defendant Farrar. No parties have begun engaging in discovery and the original schedule of the Court continues to be followed. Defendant Farrar will not suffer any prejudice if the Plaintiff is able to continue to attempt service on him. Defendant Farrar has not yet been required to take any other action with regards to this case.

   **2. Reasons for Delay, Plaintiff's Good Faith, and Whether in Plaintiff's Control**

As described in the fact statement, Plaintiff has diligently attempted service on Defendant Farrar, attempting four addresses within the original 90 days and locating him during the extension, despite wasting time searching for him in Florida and what may be his attempts to avoid service. Plaintiff has recently discovered that Defendant Farrar still receives bills at the residence of his father, is married and may in fact live with his wife in the Lynchburg area, and has now located both addresses. Plaintiff has demonstrated good faith in attempting service.

   **3. Whether Plaintiff Sought an Extension Before the Deadline**

Plaintiff's extended deadline for service was August 27, 2017. Federal Rule of Civil

Procedure 6(a)(1)(C) reads as follows:

> (a) COMPUTING TIME. The following rules apply in computing any time period specified in these rules, in any local rule or court order, or in any statute that does not specify a method of computing time.(1) *Period Stated in Days or a Longer Unit.* When the period is stated in days or a longer unit of time: … (C) include the last day of the period, ***but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.*** (emphasis added).

Therefore, because the extended deadline to serve date fell on a Sunday, the deadline is August 28, 2017. Plaintiff is requesting an extension before the deadline.

### 4. Prejudice to Plaintiff

Plaintiff may be subject to a two year statute of limitations, arising from the incidents occurring in April and May of 2015. If Plaintiff is not granted time to attempt service on Defendant Farrar she will be unable to pursue the action against the alleged perpetrator of her sexual assault. The Plaintiff will be enormously prejudiced if she cannot bring suit against her assailant in both his individual and official capacity.

### V. Exercise of Discretion to Extend Time to Serve.

Rule 4(m) unambiguously permits an extension of time to serve process regardless of whether a plaintiff can show good cause for delay. *Robinson v. G D C, Inc.*, 193 F. Supp. 3d 577, 581 (E.D. Va. 2016). Courts have leeway to preserve meritorious lawsuits despite untimely service of process. Factors such as "a statute of limitations bar, prejudice to the defendant, actual notice of a lawsuit, and eventual service" help the court determine whether an extension should be granted. *Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2006). Said factors favor extending the time for service against Defendant Farrar.

This lawsuit stems from allegations of sexual assault that Defendant Farrar was tried for in the related criminal matter. Defendant Farrar has been on notice since that a civil trial may occur.

Further, the subject matter is a matter of public record on which Defendant Farrar is named. Attempts to serve the complaint and summons on Defendant Farrar's father and the women thought to be his wife have both resulted in conversations with the individuals informing them of the lawsuit. Defendant Farrar likely has actual notice of the present law suit.

As described above, Defendants will not be prejudiced by the extension in time; however, Plaintiff will likely be barred by the Statute of Limitations. Due to the time-sensitive nature of the instant matter, jurisprudence favors the Court extending the time for Plaintiff to perfect service. Public policy favors disposition of cases on their merits rather than dismissal on procedural grounds. Plaintiff's opportunity to prosecute violations of her constitutional violations while in the incredibly vulnerable position of female prisoner and victim of sexual assault is of utmost importance.

## **CONCLUSION**

In light of the foregoing, we respectfully ask this Court to determine Defendant Farrar served or in the alternative, grant a 45-day extension of the time period for serving Defendant Farrar, to and including October 11, 2017.

By:__/s Bhavani Raveendran_____
   Bhavani Raveendran

Bhavani Raveendran
ROMANUCCI & BLANDIN
321 N. Clark St.; Ste 900
Chicago, IL 60654
Tel: (312) 458-1000
Fax: (312) 458-1004
Email: braveendran@rblaw.net
Attorney No.: 6309968/ Ill.

Attorney for Plaintiff
T. Vaden Warren, Jr.
THE WARREN FIRM PLLC

516 Locust Ave.
Charlottesville, VA 22902
Tel: (434) 972-9090
Fax: (434) 972-9091
Email: vwarren@warren-law.com
VA Bar No.: 42004

**CERTIFICATE OF SERVICE**

I do hereby certify that on this 28th day of August, 2017, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Jim H. Guynn, Jr. (VSB # 22299)
Guynn & Waddell, P.C.
Counsel for Defendant Officer Pitts
415 S. College Avenue
Salem, Virginia 24153
Phone: 540-387-2320
Fax: 540-389-2350
Email: jimg@guynnwaddell.com

Carlene Booth Johnson VSB No. 36473
Perry Law Firm
A Professional Corporation
Counsel for Defendant Blue Ridge Regional Jail Authority
262 Chellowe Road
Dillwyn, Virginia 23936
tel: (434) 983-5005
fax: (434) 983-5021
email: perrylawfirm@hughes.net

By:  /s Bhavani Raveendran
Bhavani Raveendran

Bhavani Raveendran
ROMANUCCI & BLANDIN
321 N. Clark St.; Ste 900
Chicago, IL 60654
Tel: (312) 458-1000
Fax: (312) 458-1004
braveendran@rblaw.net
Attorney No.: 6309968/ Ill.