UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| KATHERINE PAINTER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 6:17-cv-00034 |
| | ) |
| BLUE RIDGE REGIONAL JAIL | ) |
| AUTHORITY., *et al.*, | ) |
| | ) |
| Defendants. | ) |

**ORDER**

In this 42 U.S.C. § 1983 action, Plaintiff, Katherine Painter ("Painter") recently attempted service on Defendant Timothy Farrar ("Farrar") by posting the summons and complaint at an apartment where Painter believes Farrar lives with his wife. I will not decide whether the attempted service by posting under these facts constitutes effective service, but I will grant Painter an additional 45 days to serve Farrar under Federal Rule of Civil Procedure 4, should she be so advised.

**I**

On July 18, 2017, this Court granted Painter an extension until August 27, 2017 (a Sunday) to serve Farrar. See Dkt. No. 28. The following day, on Monday, August 28, 2017, Painter posted the summons and complaint on the front door of an apartment in Lynchburg, Virginia, where Farrar allegedly resides with his wife[1]. See Painter's Mot. Ex. A, Dkt. No. 33, Aff. Service, Dkt. No. 32. On August 29th, the district court dismissed the complaint as to

---

[1] Painter requested the additional extension on August 28th, the Monday immediately following a Sunday on which the original deadline was set. As Painter points out, "When the period is stated in days . . . if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday." Fed. R. Civ. P. 6(a)(1)(C); Painter's Mot. at 7, Dkt. No. 33. Thus, Painter's August 28th motion was timely.

Defendant Pitts without prejudice, but with prejudice as to Blue Ridge Regional Jail Authority, leaving Farrar as the only defendant in this action. Painter asks the Court to declare that the posted service on August 28, 2017 constitutes good service. I decline the invitation to issue what would amount to an advisory opinion that substituted service by posting was proper.

Federal Rule of Civil Procedure 4(e) requires either personal service upon an individual or service at the person's dwelling or usual place or abode by delivery to a person of suitable age and discretion. Alternatively, a party may effect service in accordance with the state law of the place of suit or place of service. Section 8.01-296(2)(b) of the Virginia Code permits substituted service in certain circumstances by posting of process (summons and complaint) on the front door or main entrance of a person's usual place of abode. Thereafter, a plaintiff who seeks to take a default against a defendant served by posting must comply with certain requirements of mailing notice of an intent to seek a default judgment.

Here, Painter posted process on an apartment she believes is Farrar's abode less than 21 days ago, and defendant Farrar may yet enter an appearance. Likewise, the court would have no reason or need to determine whether a particular mode of service was proper or effective at this stage until a defendant challenges service under Fed. R. Civ. P. 12(b)(5) or Painter seeks a default judgment against Farrar.

Accordingly, I **DENY** the motion to the extent Painter seeks a declaration that posting the summons and complaint on August 28, 2017 was proper under Rule 4 and applicable Virginia law.

## II

Federal Rule of Civil Procedure 4(m) requires a court to extend the time for service if "good cause" exists for failure to make service within the specified time. Fed. R. Civ. P. 4(m).

The good cause standard "requires courts to consider all relevant facts and circumstances." See Robinson v. G D C, Inc., 193 F.Supp.3d 577, 580 (E.D. Va. 2016). Courts may consider a variety of factors in weighing whether good cause exists, including potential prejudice to the defendant, the length of delay and its impact on the proceedings, the reasons for delay, whether the plaintiff sought an extension before the deadline, the plaintiff's good faith, the plaintiff's *pro se* status, potential prejudice to plaintiff (such as operation of statute of limitation), and whether time has been previously extended. Id. The Fourth Circuit has listed similar factors in considering whether good cause exists, including "whether . . . the defendant was evasive, . . ." Scott v. Md. State Dep't of Labor, 673 Fed. Appx. 299, 306 (4th Cir. 2016).

In a recent case, Sutterfield v. City of Chesapeake, No. 2:16cv665, 2017 WL 2546451 at *5 (E.D. Va. June 12, 2017), the Eastern District of Virginia found "that Plaintiff's repeated attempts to serve Defendant[s] . . . through a private process server indicate[s] good cause to grant an extension to serve process." In that case, the court noted that, "Courts generally do not deny extensions to plaintiffs when they trust third parties to effectively serve process and service of process is part of the third party's occupation." Id. at *3.

Several factors suggest that good cause exists to extend the time for Painter to effect service upon Farrar. Painter employed a process server and made repeated attempts to locate Farrar. Nevertheless, Farrar's whereabouts are unknown to his immediate family, and knocking at the apartment in Lynchburg on several occasions has yet to yield a confirmation that Farrar lives there. The court has dismissed all other defendants from this action, and, thus, a limited additional delay will not cause any prejudice. While Painter has already been granted an extension in this case, Painter made use of this time by hiring a process server and repeatedly

attempting to serve Farrar. Further, Painter's failure to personally serve Farrar may be because he is avoiding service. See Painter's Mot. at 6, Dkt. No. 33.

### III

Accordingly, I find that Painter should be given an extension to serve the complaint and summons on Farrar. I **ORDER** that Painter be granted an additional 45 days to personally serve Farrar.

Entered: September 13, 2017

*Robert S. Ballou*

Robert S. Ballou
United States Magistrate Judge