# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA

----------------------------------------------------------------------------------------------------

| | | |
|---|---|---|
| Katherine Painter; | ) | |
|      Plaintiff, | ) | |
| | ) | |
| | ) | No: 6:17-CV-00034 |
|    v. | ) | |
| | ) | |
| | ) | |
| Blue Ridge Regional Jail Authority; Corrections | ) | |
| Officer Timothy Farrar, individually and as an | ) | |
| Agent of the Blue Ridge Jail Authority; and | ) | |
| Corrections Officer Pitts, individually and as an | ) | |
| Agent of the Blue Ridge Jail Authority; | ) | |
| | ) | |
|      Defendants. | ) | |

---

## MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT TIMOTHY J. FARRAR

In support of Plaintiff, Katherine Painter's Motion for Default Judgment against Defendant Timothy J. Farrar, Plaintiff submits the following memorandum:

## I.    Factual Background

On April 17, 2017, Plaintiff filed her complaint. The Clerk of Court issued a summons as to Defendant Timothy J. Farrar on May 10, 2017. Service was attempted on Defendant Farrar on on more than five addresses before August 11, 2017. On August 28, 2017, process server for Plaintiff effected service by posting the Complaint and Summons on the front door of the residence belonging to the wife of Defendant Farrar. See Affidavit of Service attached hereto as Exhibit A. Defendant Farrar's answer would have been due on September 18, 2017. To date, Defendant Farrar has not filed an answer or another responsive pleading to Plaintiff's Complaint. On November 8, 2017, the Clerk of the Western District of Virginia filed a Default against

Defendant Farrar. To date, Defendant Farrar has not filed an appearance nor has one been filed

on his behalf. Any potential answer or responsive pleading, if filed by Defendant Farrar at this

juncture would be at least 60 days late.

## II.    This Court has Subject Matter Jurisdiction over this Matter.

This action arises pursuant to 42 U.S.C. § 1983 to redress the deprivation under color of state

law. This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§1331,

and 1343. Venue is proper in this Court under 28 U.S.C. §1391(b) because a substantial portion

of the incidents, events, occurrences, and omissions giving rise to this action occurred in the

Western District of Virginia.

## III.    This Court has Personal Jurisdiction over this Matter.

On August 28, 2017, a process server for Plaintiff posted the Complaint and Summons on the

front door of the residence belonging to the wife of Defendant Farrar.

## IV.    The Complaint Alleges Facts Establishing Plaintiff's Claims

This is a case about the violations of Plaintiff Katherine Painter's rights under the Eighth

Amendment of the United States Constitution by Defendant Timothy Farrar. Plaintiff's

complaint alleges she had a constitutional right to be free from unlawful sexual harassment,

abuse, assault and cruel and unusual punishment while imprisoned at the Lynchburg Adult

Detention Facility. Compl. ¶¶97-98. Defendant Farrar was employed by Blue Ridge Regional

Jail Authority and acted under color of state law. Compl. ¶99. Defendant Farrar repeatedly and

knowingly sexually coerced and assaulted Plaintiff, inflicting serious bodily harm and emotional

distress on Plaintiff.  Compl. ¶¶101, 103- 104. Defendant Farrar's failure to stop the sexually

hostile environment and assaults constituted deliberate indifference to the known and obvious

consequences of allowing the assaults to continue in violation of the Plaintiff's constitutional

rights and deprived Plaintiff of her Eighth Amendment Rights. Compl. ¶¶107-108. As a result Plaintiff suffered severe emotional and mental distress, physical injury, humiliation and degradation. Compl. ¶¶109. As a result of Defendant Officer FARRAR's conduct, Plaintiff suffered injuries and is entitled to recover all damages allowable for constitutional violations such as 42 USC § 1983, including compensatory damages, special damages, economic damages, all costs incurred in prosecuting this action, and attorney's fees pursuant to 42 USC § 1988. Compl. ¶¶110.

### V. <u>Applicable Law</u>

Default judgment is appropriate when a defendant has failed to plead or otherwise defend the action. Fed. R. Civ. P. 55. *See also Music City Music v. Alfa Foods, Ltd.*, 616 F. Supp. 1001, 1002 (E.D. Va. 1985) (reasoning that default judgment is warranted if a defendant fails to plead or otherwise defend itself).

Rule 12(a)(1) of the Federal Rules of Civil Procedure ("FRCP") provides that the Defendant shall serve an Answer within 20 days after being served with the Summons and Complaint. Rule 12(a)(1) states as follows: "Unless a different time is prescribed in a statute of the United States, a defendant shall serve an answer within 20 days after being served with the summons and complaint."

Rule 55 of the FRCP provides for the entry of judgment by default in the event that a party fails to plead as provided by the rules. Rule 55(b)(2) states in part, as follows:

(b) Judgment. Judgment by default may be entered as follows …(2) *By the Court.* In all other cases the party entitled to a judgment by default shall apply to the court therefor; … If the party against whom judgment by default is sought has appeared in the action, the party (or, if appearing by representative, the party's representative) shall be served with written notice of the application for judgment at least 3 days prior to the hearing on such application. If, in order to enable the court to enter judgment or to carry, it into effect, it is necessary to take an

account or to determine the amount of damages or to establish the truth of any averment by evidence to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper and shall accord a right or trial by jury to the parties when and as required by any statute of the United States.

The Servicemembers Civil Relief Act ("SCRA") requires a plaintiff seeking a default judgment to submit an affidavit "stating whether or not the defendant is in military service." 50 U.S.C. App. § 521(b)(1).

## VI.  **Argument**

The decision to enter default judgment lies within the sound discretion of the court. *Broglie v. Mackay-Smith*, 75 F.R.D. 739, 742 (W.D. Va. 1977). In this action, it is clear that Defendant Timothy J. Farrar has been served and has failed to appear, plead or otherwise file a responsive pleading despite service of the Summons and Complaint on August 28, 2017.

Plaintiff will be prejudiced if she continues to delay the motion for default or proceeding forward. Defendant has given no sign that he intends to file an answer or otherwise defend against the suit.  Moreover, Defendant Farrar is a former employee of the Blue Ridge Regional Jail Authority which continues to receive ECF notifications of Plaintiff's attempts to default Defendant Farrar. In addition, notice of this action has been provided to multiple members of Defendant Farrar's family, including his father and posting on the abode of his wife.

The party requesting default judgment must demonstrate: (1) when and against what party the default was entered; (2) identification of the pleading to which default was entered; (3) whether the defaulting party is an infant or incompetent person; (4) that the defendant is not in military services; and (5) that notice has been served on the defaulting party, if required by Fed. R. Civ. P. 55(b)(2)." *JTH Tax, Inc. v. Smith*, No. 2:06-CV-76, 2006 WL 1982762, at *1 (E.D.

Va. June 23, 2006). Plaintiff has indicated to the Court that a default was entered against Defendant Farrar by the Clerk of the Western District of Virginia on the Plaintiff's complaint. Plaintiff has also submitted that Defendant Farrar is not an infant or incompetent person and that the Defendant is not in the military, see Affidavit of Bhavani Raveendran, attached hereto as Exhibit B.

### VII. Conclusion

Plaintiff, Katherine Painter, respectfully requests this Court grant Plaintiff's Motion for Default Judgment, entering judgment in favor of Katherine Painter and against Defendant, Timothy J. Farrar, together with such other relief as the Court deems appropriate.

Respectfully Submitted,

By: __/s Bhavani Raveendran_____
Bhavani Raveendran
ROMANUCCI & BLANDIN
321 N. Clark St.; Ste 900
Chicago, IL  60654
Tel: (312) 458-1000
Fax: (312) 458-1004
Email: braveendran@rblaw.net
Attorney No.: 6309968/ Ill.

Attorney for Plaintiff
T. Vaden Warren, Jr.
THE WARREN FIRM PLLC
516 Locust Ave.
Charlottesville, VA 22902
Tel: (434) 972-9090
Fax: (434) 972-9091
Email: vwarren@warren-law.com
VA Bar No.: 42004