IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| KATHERINE PAINTER,<br>    *Plaintiff* | )<br>)<br>) |
| v. | )     CASE NO. 6:17-CV-00034 |
| BLUE RIDGE REGIONAL JAIL AUTHORITY | )<br>) |
| and | )<br>) |
| CORRECTIONS OFFICER TIMOTHY<br>FARRAR, INDIVIDUALLY AND AS AN<br>AGENT OF THE BLUE RIDGE REGIONAL<br>JAIL AUTHORITY | )<br>)<br>)<br>) |
| and | )<br>) |
| CORRECTIONS OFFICER PITTS,<br>INDIVIDUALLY AND AS AN AGENT OF THE<br>BLUE RIDGE REGIONAL JAIL AUTHORITY,<br>    *Defendants*. | )<br>)<br>)<br>) |

**BRIEF IN SUPPORT OF DEFENDANT TIMOTHY WAYNE FARRAR'S
RULE 60(b)(4) MOTION TO SET ASIDE DEFAULT JUDGMENT**

COMES NOW Defendant Timothy Wayne Farrar ("FARRAR"), by counsel appearing specially and in a capacity limited to challenge jurisdiction, to brief the Court in support of his Rule 60(b)(4) Motion to Set Aside Default Judgment to-wit:

**FACTUAL BACKGROUND**

Plaintiff Katherine Painter ("PAINTER") filed her Complaint (ECF 1) against FARRAR and other defendants on April 17, 2017. The claims against the other defendants have been dismissed. PAINTER issued a Summons (ECF 3) to FARRAR on May 17, 2017. This summons listed a former work address for FARRAR (510 Ninth Street, Lynchburg, Virginia 24504), the address of his former employer, the Blue Ridge Regional Jail Authority ("BRRJA"). FARRAR

left employment at BRRJA more than two years before the summons was issued.

Counsel for PAINTER filed an unattested Affidavit of Service (ECF 32) on August 28, 2017. This affidavit claims that posted service of the summons, but <u>not</u> a copy of the complaint, was made by Bryan E. Klein at the apartment located at 90 Weeping Willow Drive, Apt. J, Lynchburg, Virginia, 24501 on August 28, 2017. Id. FARRAR moved out of this apartment on August 1, 2015, more than two years before the instant case was filed.

The Affidavit of Non-Service (ECF 44) filed by counsel for PAINTER concedes that on August 9, 2017 the process server was directly informed by the apartment management company that it had no record of FARRAR living in the apartment complex. Furthermore, on August 25, 2017. the unidentified resident of Apartment J at 90 Weeping Willow Drive directly informed the process server that he had never heard of FARRAR. Id. Despite being directly informed that FARRAR did not reside at the apartment, the process server posted service on the front door of the apartment three days later. Id.

FARRAR resided at the apartment located at 90 Weeping Willow Drive, Apt. J, Lynchburg, Virginia, 24501 on May 20, 2015 when he was charged with two criminal offenses arising from PAINTER's allegations and he continued to reside at that apartment until August 1, 2015, when he moved to 11053 Falling Creek Road, Bedford, VA 24523. FARRAR was under pretrial court supervision while released on bond prior to his criminal trial and he timely reported his change of address from the apartment both to his pretrial supervisor and to his defense attorney. FARRAR also timely updated his change of address with the Virginia DMV.

FARRAR lived at 11053 Falling Creek Road until August 1, 2016, when he moved to his present address at 1323 Autumn Run Drive, Forest, VA 24551. FARRAR timely reported his

change of address to his court services pretrial supervisor, to his defense attorney and to the Virgina DMV. FARRAR continued to reside at 1323 Autumn Run Drive after was acquitted of all charges by a jury in Lynchburg Circuit Court on October 18, 2016 and he has resided there at all times since then.

On July 13, 2017, PAINTER filed a Motion for Extension of Time to Serve Defendant Farrar (ECF 27). PAINTER asserted that she attempted service on FARRAR at several addresses "to no avail." Id. One of these addresses was the apartment at Weeping Willow Drive in the Waldon Pond apartment complex. Id. On July 18, 2017, the Court granted a 45-day extension to PAINTER to serve FARRAR. (ECF 28) PAINTER was required to serve FARRAR by August 27, 2017. Id.

On August 28, 2017, PAINTER filed Plaintiff's Motion for the Court to Enter an Order Determining Defendant Farrar Served or in the Alternative, Extending Service for Defendant Farrar. (ECF 34) The Court granted PAINTER a second extension of time but required her to personally serve FARRAR by October 29, 2017. (ECF 35)

PAINTER did not personally serve FARRAR as ordered. Instead, on October 25, 2017, she simply refiled the Affidavit of Service from August 28, 2017. (ECF 37)

PAINTER filed a Request for Entry of Default on November 7, 2017. (ECF 39) The Clerk entered default on November 8, 2017. (ECF 40)

PAINTER filed a Motion for Default Judgment (ECF 42) in December 27, 2017. On April 13, 2018, the Court *sua sponte* ordered PAINTER to provide evidence at a hearing to be held on April 20, 2018 regarding her effort to serve process upon FARRAR. (ECF 53) The

-3-

April 20, 2018 hearing was rescheduled to May 9, 2018. (ECF 54)

At the May 9, 2018 hearing, the Court advised that FARRAR's usual place of abode needed to be determined. (ECF 57) On May 18, 2018, PAINTER mailed (i) a letter, (ii) a copy of the complaint, (iii) a certificate of service, (iv) the Clerk's entry of default and (v) PAINTER's motion for default judgment to "Timothy J. Farrar , 420 Westover Blvd. Lynchburg, VA 24501." (ECF59-1)  Firstly, FARRAR's name is not "Timothy J. Farrar" but is instead "Timothy Wayne Farrar."  More substantially, FARRAR moved out of 420 Westover Boulevard in 2012 and did not reside there afterwards, so he did not receive this notice.  Indeed the Court's correspondence to this address was returned to the Court as undeliverable.  (ECF 52-1)  Finally, 420 Westover Blvd is an entirely different address from 90 Weeping Willow Drive, Apt J, the address of the apartment where PAINTER attempted posted service, and nothing in Virginia law authorizes posting service at one prior address and then mailing it to a different prior address.

According to the Affidavit of Non-Service she filed, PAINTER's attempts to locate FARRAR were mostly limited to a few telephone calls and few cursory internet searches.  ECF 44  Counsel for PAINTER did not attempt to obtain FARRAR's current address from the Lynchburg court services unit, from FARRAR's criminal defense counsel or from a simple records request to the Virginia DMV when a request to any of these resources would have provided FARRAR's current address.  Confronted with direct evidence that FARRAR did not reside in the apartment at Weeping Willow Drive, PAINTER did not seek to have FARRAR served by publication.  Instead PAINTER merely posted a summons on the front door of the apartment when she knew the apartment was not FARRAR's usual place of abode.

To date, FARRAR has not been served with a summons or a copy of the complaint.

FARRAR's Affidavit is attached hereto and incorporated herein as **EXHIBIT 1.**

**ARGUMENT**

**I. REQUIREMENTS OF VALID SERVICE**

Rule 4(m) provides that "if a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." "… [I]f the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Id.

"A summons must be served with a copy of the complaint. The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service." Rule 4(c)(1) Service may be made by "… following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Rule 4(e)(1). If service is not made by following state law, service may be made by (i) delivering a copy of the summons and of the complaint to the individual personally, (ii) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (iii) delivering a copy of each to an agent authorized by appointment or by law to receive service of process. Rule 4(e)(2) Posted service is not authorized under the federal rules.

Code of Virginia § 8.01-296 dictates the means of serving process upon natural persons. Accordingly, service may be lawfully made under Virginia law exclusively by the following

-5-

means:

- Delivering a copy thereof in writing to the party in person, or

- If the party to be served is not found at his usual place of abode, by delivering a copy of such process and giving information of its purport to any person found there, who is a member of his family, other than a temporary sojourner or guest, and who is of the age of 16 years or older, or

- If service cannot be made by either of the above methods, then by posting a copy of such process at the front door or at such other door as appears to be the main entrance of such place of abode, provided that not less than 10 days before judgment by default may be entered, the party causing service or his attorney or agent mails to the party served a copy of such process and thereafter files in the office of the clerk of the court a certificate of such mailing, or

- If service cannot be effected by any of the above methods then by order of publication in appropriate cases under the provisions of §§ 8.01-316 through 8.01-320.

## II. FARRAR WAS NOT LAWFULLY SERVED

PAINTER alleges substituted service of process upon FARRAR by posting. She does not claim personal service upon him or service by publication or by the Secretary of the Commonwealth. The only evidence of service is the return of service of process she filed on August 28, 2017 and refiled on October 25, 2017.

Generally, "returns of service of process. . . act as *prima facie* evidence of valid service." *Capital Concepts Inc. v. CDI Media Grp. Corp.*, No. 3:14-cv-00014, 2014 WL 3748249, at *4 (W.D. Va. July 29, 2014) (quoting *Bank United v. Hamlett*, 286 B.R. 839, 743 n.3 (W.D. Va.

-6-

2002)). However,, the purported return of service of process in this case is directly controverted and contradicted by PAINTER's own Affidavit of Non-Service which concedes that three days before posted service was attempted at the the apartment on Weeping Willow Drive, a resident of that apartment directly informed the process server that he had never heard of FARRAR.

PAINTER was ordered by this Court to personally serve FARRAR on or before October 29, 2017. Instead of personally serving him as ordered, PAINTER merely rehashed her attempted posted service from August 28, 2017 and refiled the affidavit of that service. And when she did this, PAINTER had been repeatedly informed that the apartment on Weeping Willow Drive was not FARRAR's dwelling or usual place of abode. Indeed, her process server had been put on direct notice by both management of the apartment complex and a resident of the apartment that FARRAR did not reside in the apartment.

When PAINTER elected to attempt substituted service of process in lieu of personal service under Rule 4(e)(1), she took on the burden of strict compliance with Virginia's statutes that provide for substituted service. "Where statutes have been enacted allowing substituted service, they are to be strictly construed." *Washburn v. Angle H'Ware Co.*, 144 Va. 508 (1926) citing *Burks' Pleading and Practice* citing *Staunton P.G. & L. Co. Haden*, 92 Va. 201, 23 S.E. 285. Ignoring that fact that the apartment where PAINTER attempted posted service was not FARRAR's dwelling or usual place of abode on August 28, 2017, posted service was also ineffective because the certificate that PAINTER filed with the Clerk of this Court shows that she mailed process to a different address than the apartment where she attempted posted service. Furthermore, the record is devoid of any assertion that a copy of the complaint was posted with the summons, as required by both Rule 4 and Virginia law. Clearly, PAINTER did not comply

-7-

with either this Court's order or Virginia's laws and so her service upon FARRAR was ineffective.

### III. THE COURT LACKED PERSONAL JURISDICTION

"[W]hen service of process is ineffective a court does not acquire personal jurisdiction over a party, and a default judgment resulting from such defective service is void." *Capital Concepts Inc. v. CDI Media Grp. Corp.*, No. 3:14-cv-00014, 2014 WL 3748249, at *4 (W.D. Va. July 29, 2014) (quoting *Bank United v. Hamlett*, 286 B.R. 839, 743 n.3 (W.D. Va. 2002)). "As any first-year law student knows, when service of process is ineffective a court does not acquire personal jurisdiction over a party, and a default judgment resulting from such defective service is void." *Bank United v. Hamlett,* 286 B.R. 839 (W.D. Va., 2002) (FN 3)  Since PAINTER's service upon FARRAR was ineffective, this Court lacked jurisdiction over FARRAR and so the default judgment entered against him is void.

### CONCLUSION

FARRAR was never served with process and so the Court never obtained jurisdiction over him. Consequently the default judgment entered against him on July 31, 2018 is void and should be set aside.

Respectfully submitted

**TIMOTHY WAYNE FARRAR**
**Appearing Specially by Counsel for the Limited Purpose of Challenging Jurisdiction**

**JAMES RIVER LEGAL ASSOCIATES**
**7601 Timberlake Road**
**Lynchburg, Virginia 24502**
**P (434) 845-4529**
**F (434) 845-8536**

-8-

By: /s/ M. Paul Valois
    M. Paul Valois, Esquire
    Counsel for Defendant (Appearance Limited)
    Virginia State Bar No. 72326

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 16th day of August, 2018, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to all counsel of record, including:

| | |
|---|---|
| T. Vaden Warren, Jr., Esq.<br>THE WARREN FIRM, PC<br>516 Locust Avenue<br>Charlottesville, VA 22902<br>Phone: (434) 972-9090<br>Fax: (434) 972-9091<br>Email: vwarren@warren | Bhavani K. Raveendran<br>ROMANUCCI & BLANDIN<br>321 N. Clark Street, Ste. 900<br>Chicago, IL 60654<br>Phone: (312) 458-1000<br>Fax: (312) 458-1004<br>Email: braveendran@rblaw.net |

*Counsel for Plaintiff Katherine Painter.*

| | |
|---|---|
| Jim H. Guynn, Jr.<br>GUYNN & WADDELL, PC<br>415 S. College Avenue<br>Salem, VA 24153<br>Phone: 540-387-2320<br>Fax: 540-389-2350<br>Email:jimg@guynnwaddell.com | Carlene Booth Johnson<br>PERRY LAW FIRM<br>262 Chellowe Road<br>Dillwyn, VA 23936<br>Phone: (434) 983-5005<br>Fax: (434) 983-5021<br>Email: perrylawfirm@hughes.net |

*Counsel for Defendant Correctional Officer Pitts*

*Counsel for Blue Ridge Regional Jail Authority*

            _/s/ M. Paul Valois_
             M. Paul Valois