| | |
|---|---|
| Katherine Painter; | ) |
|     Plaintiff, | ) |
| | ) |
| | ) No: 6:17-CV-00034 |
| v. | ) |
| | ) |
| | ) |
| Blue Ridge Regional Jail Authority; Corrections | ) |
| Officer Timothy Farrar, individually and as an | ) |
| Agent of the Blue Ridge Jail Authority; and | ) |
| Corrections Officer Pitts, individually and as an | ) |
| Agent of the Blue Ridge Jail Authority; | ) |
| | ) |
|     Defendants. | ) |

## **PLAINTIFF'S PETITION FOR ATTORNEY'S FEES AND COSTS**

NOW COME(S) the Plaintiff, Katherine Painter, by and through her attorneys, THE WARREN FIRM PLLC and ROMANUCCI & BLANDIN, LLC, and pursuant to 42 U.S.C.A. § 1988 and Local Rule 54(a), files this Petition for Attorneys' Fees and Costs.

        Respectfully submitted,

        By:   /s Bhavani Raveendran_____
            Bhavani Raveendran

        Attorney for Plaintiff
        T. Vaden Warren, Jr.
        THE WARREN FIRM PLLC
        516 Locust Ave.
        Charlottesville, VA 22902
        Tel: (434) 972-9090
        Fax: (434) 972-9091
        Email: vwarren@warren-law.com
        VA Bar No.: 42004

        Bhavani Raveendran
        ROMANUCCI & BLANDIN
        321 N. Clark St.; Ste 900
        Chicago, IL 60654
        Tel: (312) 458-1000
        Fax: (312) 458-1004

Email: braveendran@rblaw.net
Attorney No.: 6309968/ Ill.

**CERTIFICATE OF SERVICE**

I do hereby certify that on this 14th day of August, 2018, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Jim H. Guynn, Jr. (VSB # 22299)
Guynn & Waddell, P.C.
Counsel for Defendant Officer Pitts
415 S. College Avenue
Salem, Virginia 24153
Phone: 540-387-2320
Fax: 540-389-2350
Email: jimg@guynnwaddell.com

Carlene Booth Johnson VSB No. 36473
Perry Law Firm
A Professional Corporation
Counsel for Defendant Blue Ridge Regional Jail Authority
262 Chellowe Road
Dillwyn, Virginia 23936
tel: (434) 983-5005
fax: (434) 983-5021
email: perrylawfirm@hughes.net

By:\_\_\_/s Bhavani Raveendran_____
Bhavani Raveendran

Bhavani Raveendran
ROMANUCCI & BLANDIN
321 N. Clark St.; Ste 900
Chicago, IL  60654
Tel: (312) 458-1000
Fax: (312) 458-1004

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA

---

| | |
|---|---|
| Katherine Painter; | ) |
|     Plaintiff, | ) |
| | ) |
| | )   No: 6:17-CV-00034 |
| v. | ) |
| | ) |
| | ) |
| Corrections Officer Timothy Farrar, individually | ) |
| and as an | ) |
| Agent of the Blue Ridge Jail Authority; and | ) |
| | ) |
|     Defendants. | ) |

---

MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S PETITION FOR ATTORNEYS'
FEES AND LITIGATION COSTS PURSUANT TO 42 U.S.C § 1988

Plaintiff, Katherine Painter, by and through her attorneys, submit this Memorandum of Law in Support of Their Petition for Award of Attorneys' Fees and Litigation costs pursuant to 42 U.S.C.A. § 1988.

## INTRODUCTION

### I. The Litigation

The Plaintiff, Katherine Painter, filed this 1983 claim on April 14, 2017, regarding allegations during her residence at the Blue Ridge Regional Jail Facility in Lynchburg, Virginia. The complaint alleged violations of her Eighth amendment rights under 42 U.S.C. § 1983, seeking damages with respect to an alleged sexual assault by a Defendant guard. Defendants Blue Ridge Regional Jail Authority and Defendant Officer Pitts were dismissed out by this Honorable Court. Defendant Farrar was served after the dismissal occurred, leading to the entry of default.

### II. The Default Judgment

This Court entered a default judgment in this matter against Defendant Timothy Farrar on July 31, 2018. This Court awarded compensatory damages of $632,888.00 and punitive damages of $100,000.00 in favor of Plaintiff's Eighth Amendment claim against Defendant Farrar. Contemporaneous with Memorandum in Support, Plaintiff filed a Petition for Attorney's Fees and Bill of Costs under the fee shifting provisions of 42 U.S.C. §1983 and 42 U.S.C. §1988, requesting attorneys' fees of $27,310.00, which were incurred from April 29, 2016 through the entry of default.

## **LEGAL STANDARD**

"The purpose of §1988 is to ensure 'effective access to the judicial process' for persons with civil rights grievances." *Hensley v. Eckerhart,* 461 U.S. 424, 429 (1983) (quoting H.R. Rep. No. 94-1558, p. 1 (1976)). Congress provided for fee awards under §1988 because it considered civil rights litigation to be a matter of the "highest priority" to the welfare of the nation. *Franks v. Bowman Transp. Co.,* 424 U.S. 747, 762-63 (1976); *see also Newman v. Piggie Park Enters., Inc.,* 390 U.S. 400, 401-02 (1968).

"[P]unishment and deterrence are undeniably important purposes of Section 1988." *Charles v. Daley,* 846 F.2d 1057, 1063 (7th Cir. 1988). Nevertheless, the "overriding goal" of §1988 is "to reimburse with a reasonable attorney's fee those who as 'private attorneys general' take it upon themselves to invoke and thereby invigorate federal constitutional and statutory rights." *Id. See also City of Riverside v. Rivera*, 477 U.S. 561, 578 (1986) (fee awards are designed to "encourage the bringing of meritorious civil rights claims which might otherwise be abandoned because of the financial imperatives surrounding the hiring of competent counsel") (quoting *Kerr v. Quinn*, 692 F.2d 875, 877 (2d Cir. 1982)).

The starting point in determining the amount of a reasonable fee award is to calculate the lodestar. *Blanchard v. Bergeron*, 489 U.S. 87, 94 (1989). The lodestar is the number of hours

4

reasonably expended on litigation multiplied by a reasonable hourly rate. *Id*. From this starting point, the award may be adjusted to account for other factors. *Id*. *See also Johnson v. Georgia Highway Exp., Inc.,* 488 F.2d 714 (5th Cir., 1974) (*abrogated on other grounds by Blanchard v. Bergeron,* 489 U.S. 87 (1989)); *Hensley v. Eckerhart,* 461 U.S. 424, 430 (1983).[1]

The Supreme Court has made clear that the lodestar calculation is a presumptively reasonable fee award. *Blum v. Stenson*, 465 US. 886, 897 (1984); *Blanchard v. Bergeron*, 489 U.S. 87, 95 (1989) (the "strong presumption that the lodestar figure . . . represents a reasonable fee is wholly consistent with the rationale behind [1988]"); *see also Pickett v. Sheriden Health Ctr.*, 664 F3d 632, 639 (7th Cir. 2011). *See also Daly v. Hill*, 790 F.2d 1071, 1078 (4th Cir. 1986).

> The guiding principle in awarding fees is the result obtained through the litigation.
>
> Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee. Normally this will encompass all hours reasonably expended on the litigation, and indeed in some cases of exceptional success an enhanced award may be justified. In these circumstances the fee award should not be reduced simply because the plaintiff failed to prevail on every contention raised in the lawsuit. Litigants in good faith may raise alternative legal grounds for a desired outcome, and the court's rejection of or failure to reach certain grounds is not a sufficient reason for reducing a fee. The result is what matters.

---

[1] In `Hensley`, the Supreme Court identified twelve factors for courts to consider in determining reasonable fee awards. See `Hensley`, 461 U.S. at 430 n.3. The twelve factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. `Id.` (noting that "these factors derive directly from the American Bar Association Code of Professional Responsibility, Disciplinary Rule 2-106"). Prior to the adoption of the lodestar method, courts used the `Hensley` factors, but even in `Hensley`, the Supreme Court "emphasized that 'many of the factors usually are subsumed within the initial calculation of hours reasonably expended at a reasonable hourly rate." `Montanez`, 755 F.3d at 553 n.2.

*Hensley*, 461 U.S. at 435 (citation omitted).

It is also clearly established that the work of paralegals may be billed at a reasonable market rate as part of the attorneys' fee petition under § 1988. *Missouri v. Jenkins by Agyei*, 491 U.S. 274, 289 (1989); *Richlin Sec. Service Co. v. Chertoff*, 53 U.S. 571 (2008) (Section 1988 attorneys' fee embraces paralegal fees). Likewise, reasonable costs and expenses are routinely included as part of § 1988 attorneys' fee awards. *Henry v. Webermeier*, 738 F.2d 188, 192 (7th Cir. 1984).

## ARGUMENT

### I. Plaintiff's Requested Hourly Rates Are Reasonable and Should Be Awarded.

In the Fourth Circuit, courts calculate attorneys' fees using the following *Johnson* factors to determine a reasonable hourly rate:

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

*Johnson v. Georgia Highway Exp., Inc.*, 488 F.2d 714, 718–19 (5th Cir. 1974); *see, e.g.,* Blackwell, 724 F. Supp. 2d 1068, 1081 (N.D. Cal. 2010).

Plaintiff's case required significant time and labor in its investigation, motion practice, and numerous attempts for service on the Defendant. Plaintiff's counsel traveled to represent her client's claims and meet on several occasions. The case proved to be unusual and novel in the 4th Circuit, requiring in depth research and study into issues of law yet undecided. To achieve the results obtained for their client, including a default, counsel provided over a year of service and motion practice, including the work to investigate and prepare the case. Securing both

6

service and default in this case far exceeded the difficulty most cases present. Finally, the Plaintiff had difficulty in securing counsel from within the Lynchburg area – seeking counsel in Charlottesville and Chicago due to the undesirability of the case and the widespread dealings within the area with the Blue Ridge Regional Jail Authority. Plaintiff's case involved issues of civil rights, sexual abuse, and novel legal concepts. Success in Plaintiff's case was not guaranteed and finding counsel both willing and experienced in the subject area was difficult. The "undesirability of prisoner litigation in general" was noted by the Court in *Barnard v. Piedmont Reg. Jail Auth.*, 2009 WL 3416228, at *4 n.4 (E.D. Va. 2009). The factors discussed above indicate that Plaintiff's request for fees is reasonable under the *Johnson* analysis.

Based on the foregoing, Plaintiff's requested hourly rates for counsel Bhavani Raveendran of $200 per hour and Vaden Warren of $400 per hour are reasonable and should be awarded. Additionally, Plaintiff's request for paralegals and legal clerks of $100 per hour is reasonable and should be awarded.

"A reasonable hourly rate is determined by looking to prevailing market rates within the relevant community, and thus a lodestar calculation aims to approximate what a prevailing attorney would expect to receive from a paying client." *Perdue v. Kenny A.*, 559 U.S. 542, 551 (2010). Fee awards under § 1988 should be equivalent to fees "in other types of equally complex Federal litigation, such as antitrust cases, and not be reduced because the rights involved may be nonpecuniary in nature." *Hensley v. Eckerhart*, 461 U.S. 424, 447 (1983) (citing Senate Report 6, U.S. Code Cong. & Admin. News 1976, p. 5913).

The "Laffrey Matrix" is used to compare rates of similar experienced attorneys in the community based on accepted factors. *Laffey v. Northwest Airlines, Inc.,* 572 F. Supp. 354 (D.D.C. 1983), *rev'd on other grounds,* 241 U.S. App. D.C. 11, 746 F.2d 4 (D.C. Cir. 1984),

7

*cert. denied,* 472 U.S. 1021, 87 L. Ed. 2d 622, 105 S. Ct. 3488 (1985). The United States Attorney's Office for the District of Columbia has created what has become known as the Laffey Matrix to provide an official guideline for "reasonable" rates in fee-shifting cases. *Ad cock-Ladd v. Secretary of Treasury*, 227 F.3d 343, 347 n.3 (6th Cir. 2000) (describing Laffey Matrix as "an official statement of market-supported reasonable attorney fee rates"). District courts in this Circuit have considered the Laffey Matrix when considering the reasonableness of hourly rates for fee awards. *See, e.g., Scott v. Clarke, et al.,* No. 3:12 CV 0036, Memorandum Opinion, at *4 (W.D. Va. April 15, 2014).

The requested hourly rates of Plaintiff's counsel are consistent with the fair market rate for attorneys of comparable experience, skill and reputation in the Virginia legal market and comparable markets nationwide, and are the rates at which the attorneys have been retained by other paying clients.

### a. Lead Counsel Bhavani Raveendran

The requested hourly rate of $200 per hour for Bhavani Raveendran, considering she has over 5 years of experience, is reasonable and consistent with similarly experienced lawyers in the community. According to the most recent Adjusted Laffey Matrix, which categorizes hourly rates by years in practice for attorneys practicing civil law in the comparable market of the Washington, D.C. metropolitan area, adjusted yearly for inflation, indicates the requested rate of Bhavani Raveendran is below the market rate of $440 per hour for similarly qualified attorneys with 4-7 years of experience, and therefore reasonable in this matter. http://www.laffeymatrix.com/see.html. *See Berthiaume v. Doremus, et al,* Case No. 16:13-cv-00037 (W. D. Va. June 12, 2014) (awarding $200 per hour and $350 per hour to counsel of record).

Ms. Raveendran practices primarily in claims against public entities in federal venues across over 12 states. Ms. Raveendran is currently admitted to practice in the State of Illinois, the Northern District of Illinois, the Central District of Illinois, the Eastern District of Wisconsin, the Northern District of Indiana, the District of Colorado, the District of North Dakota, and the Southern District of Indiana. Ms. Raveendran is also admitted *pro hac vice* to a number of jurisdictions including the Western District of Virginia, the Northern District of New York, the Western District of Oklahoma, and the Western District of Louisiana, in all of which she practices in civil rights law.

Ms. Raveendran acts as the primary attorney for a caseload including constitutional violations, wrongful death, and other catastrophic injuries, including at least a third of her practice focused on sexual assault and abuse cases. Ms. Raveendran focuses on civil rights, constitutional law, police misconduct and sexual misconduct. She has taken and defended over 80 depositions, including psychiatrists, sexual predators, police officers, Chiefs of police, state employees, expert witnesses, and 30(b)(6) witnesses. Ms. Raveendran has performed complex legal research, including on qualified immunity, absolute immunity, substantive and procedural due process claims and Section 1983 claims. Ms. Raveendran has extensive experience responding to pretrial motions, motions to dismiss and summary judgment motions, including qualified immunity, *Monell* claims, and Section 1983 claims. Ms. Raveendran focuses a large part of her practice on sexual abuse, sexual misconduct, and sexual assault cases in numerous venues. Ms. Raveendran has first-chaired state court trials and prepared over 7 matters for federal trial, as first chair. Ms. Raveendran also has background in criminal law and as a municipal prosecutor. All of the above experience specifically qualified Ms. Raveendran to serve as lead counsel, research and respond to Motions, and argue for Plaintiff's case involving

violations of constitutional rights and sexual abuse.

### b. Co-Counsel and Local Counsel Vaden Warren

The requested hourly billing rates of co-counsel and founding partner attorney T. Vaden Warren, Jr. of the Vaden Warren Firm ($400.00) are reasonable and should be awarded pursuant to his experience, qualifications and comparable rates for similarly experienced attorneys in the community. Mr. Warren has tried over 100 personal injury cases to verdict and is has founded two law firms in the Charlottesville area. *See Berthiaume v. Doremus, et al,* Case No. 16:13-cv-00037 (W. D. Va. June 12, 2014) (awarding $200 per hour and $350 per hour to counsel of record); *see also Am. Bird Conservancy v. U.S. Fish & Wildlife Serv.*, No. 1:13-cv-723, 2015 WL 3622459 (E.D. Va. June 9, 2015) (stating "courts in this district have generally recognized rates of up to $420 per hour for partners and $250 to $300 per hour for associates"); *see also Six Star Holdings, LLC v. City of Milwaukee*, 10-c-893, 2015 WL 5821441, *3 (E.D. Wis. Oct. 5, 2015) (awarding fees in § 1983 action at hourly rates of up to $575); *Weyker v. Quiles*, 14-cv-782, 2015 WL 5177970, *2 (E.D. Wis. Sept. 4, 2015) (approving hourly rate of $550 in contested fee petition in civil rights case). Further, according to the most recent Adjusted Laffey Matrix, the requested rates of partner Vaden Warren are below the market rate of $894 per hour for similarly qualified attorneys with 20+ years of experience, and therefore reasonable in this matter. *http://www.laffeymatrix.com/see.html*.

### c. Paralegals and Law Clerk

Petitioners seek $100/hour for paralegals, law clerks, and non-attorneys, a rate that is reasonable. Paralegal and law clerk fees are awardable in a fee petition. *Missouri v. Jenkins*, 491 U.S. 274, 285-286 (1989). The $100 hourly rate requested for paralegals is also below the market rate of $196 per hour for similarly qualified paralegals and law clerks, and therefore reasonable

10

in this matter. *http://www.laffeymatrix.com/see.html*.

## II. The Time Expended by Plaintiff's Counsel was Reasonable, Necessary and Well-Documented.

Plaintiff's counsel seek compensation for 104.35 attorney hours and two clerk and paralegal hours, which is documented in the timesheets that are attached as Exhibit A. As detailed in Plaintiff's billing records, the time spent was reasonable and necessary. Further, the format and detail of the attached exhibits represent a sufficiently thorough accounting to be awarded in full.

Attorney Bhavani Raveendran and Vaden Warren's hours are very reasonable given the complexity of the many Constitutional issues present in this case and their efforts. Counsel travelled to fulfill their obligations. This case had significant scope and a number of Defendants as well as dispositive motion practice. Counsel had to research and pursue multiple theories and defend those in dispositive motions. Finally, a close read of counsel's hours will prove that they are detailed and very conservative in inclusiveness of submitted hours. Ms. Raveendran totaled 93.05 attorney hours, but only 73.15 hours as to the prevailing claims. Mr. Warren totaled 41.2 hours, of which only 31.2 went to the prevailing claims.

Counsel were supported and assisted by legal clerk Sarah King throughout the course of litigation. Considering the reasonable number of hours, the hours should be awarded in full. In regards to law clerks, one court noted it is "salutary to have younger attorneys or law clerks perform tasks appropriate to their skill and experience, at a lower billing rate, in lieu of having more higher priced attorneys do that work." *Trs. of the Chi. Plastering Inst. Pension Trust*, 2008 U.S. Dist. LEXIS 21384, *15-16. Further, the work was not limited to administrative because legal research was required for the motions, arguments and briefings of counsel. As discussed

above, this time included was spent for organizational purposes and to use the least costly, most effective biller.

**III. Plaintiff is the Prevailing Party.**

Although Plaintiff did not prevail in her claims against the Blue Ridge Regional Jail Authority or Defendant Pitts, she prevailed as to claims against Defendant Farrar by obtaining a default judgment against him. Katherine Painter obtained success in this case and the fact that Ms. Painter did not prevail on each of her legal claims does not deprive her of her prevailing party status. Where, as here, Plaintiff obtained a victory, she is entitled to the reasonable lodestar as to the claims that were successful. *See Hensley v. Eckerhart*, 461 U.S.424, 433 (1983). Plaintiff has documented and subtracted hours going to claims that she did not prevail on and thus reasonably requests remuneration on only successful claims against Defendant Farrar.

A plaintiff in a Section 1983 action prevails, such that a fee award can be given at the Judge's discretion, "when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." *Mercer v. Duke U.*, 401 F.3d 199, 203 (4th Cir. 2005) (internal citations omitted). "'[P]laintiffs may be considered "prevailing parties" for attorney's fees purposes if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit.'" *Hensley v. Eckerhart*, 461 U.S.424, 433 (1983) (quoting *Nadeau v. Helgemoe,* 581 F.2d 275, 278–279 (1st Cir. 1978).

In *Hicks v. Janiszewski*, the plaintiff sought attorney's fees and costs after successfully obtaining a default judgment against the defendant. *Hicks v. Janiszewski*, 5:13CV140 (STAMP), 2015 WL 6039761, at *1 (N.D.W. Va. Oct. 15, 2015). The Court reasoned that the plaintiff "'must obtain an enforceable judgment against the defendant from whom fees are sought.'" *Id.*

12

at 2 (quoting *Farrar v. Hobby*, 506 U.S. 103, 109 (1992)). The Court held that the plaintiff should be considered the prevailing party where a default judgment was obtained resulting in compensatory damages and the plaintiff therein was entitled to enforce the judgment. *Id.* The default created a "'material alteration of the legal relationship'" between the defendant and plaintiff. *Id.* (quoting *San Diego Police Officers' Ass'n v. San Diego City Employees' Retirement System*, 568 F.3d 725 (9th Cir. 2009)). *See also Loos v. Paris Club,* 731 F. Supp. 2d 1324, 1330 (holding plaintiff to be prevailing party and assessing attorneys' fees because default was entered as to the subject claims).

## IV. The Costs Expended Were Reasonable.

Pursuant to 28 U.S.C. § 1920, Fed. R. Civ. P. 54(d)(1), and Fed. R. App. P. 39(d), certain litigation costs are ordinarily taxed against the non-prevailing party and in favor of the prevailing party. Furthermore, all litigation expenses in civil rights cases, including out-of-pocket expenses, are recoverable under 42 U.S.C. § 1988, as long as the expenses were reasonable and necessary to the litigation of plaintiff's claims and are not normally billed to the lawyer's paying clients as overhead. *Ramos v. Lamm,* 713 F.2d 546, 559-60 (10th Cir. 1983) (photocopying, postage, telephone, etc.). "The Act [42 U.S.C. § 1988] essentially shifts the costs of litigation from the victim to the violator." *Spell v. McDaniel*, 616 F. Supp. 1069, 1113 (E.D.N.C. 1985), aff'd in part, vacated in part on other grounds, 824 F.2d 1380, (4th Cir. 1987), *cert. den. sub nom. City of Fayetteville v. Spell*, 484 U.S. 1027 (1988).

Plaintiff'' counsel, in an effort to request only reasonable fees in this matter, does not seek the costs of filing, service of the Defendant, transcripts, phone calls, copies, and Lexis/Westlaw fees. These costs, if sought, would be quite substantial.

WHEREFORE, for the reasons stated herein, Plaintiff, KATHERINE PAINTER, by and

13

through her undersigned counsel, hereby requests that this Honorable Court enter an Order granting Plaintiff all reasonable attorneys' fees of $27,310.00 in accordance with the statements, exhibits and affidavits attached hereto. In addition, if this Court is not satisfied with submissions of affidavits regarding reasonableness of requested fees, expenses, and costs sought by Plaintiff, Plaintiff further requests that this Court set and hold an evidentiary hearing on this matter so that Plaintiff may establish the reasonableness of the requested amount.

                                              Respectfully Submitted,

                                              _/s Bhavani Raveendran_____
                                               Attorney for Plaintiff

T. Vaden Warren, Jr.

THE WARREN FIRM PLLC
516 Locust Ave.
Charlottesville, VA 22902
Tel: (434) 972-9090
Fax: (434) 972-9091
Email: vwarren@warren-law.com
VA Bar No.: 42004

Bhavani Raveendran
ROMANUCCI & BLANDIN
321 N. Clark St.; Ste 900
Chicago, IL 60654
Tel: (312) 458-1000
Fax: (312) 458-1004
Email: braveendran@rblaw.net
Attorney No.: 6309968/ Ill.

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA

------------------------------------------------------------------------------------------------------

| | |
|---|---|
| Katherine Painter; ) | |
|     Plaintiff, ) | |
| ) | |
| ) | No: 6:17-CV-00034 |
| v. ) | |
| ) | |
| ) | |
| Blue Ridge Regional Jail Authority; Corrections ) | |
| Officer Timothy Farrar, individually and as an ) | |
| Agent of the Blue Ridge Jail Authority; and ) | |
| Corrections Officer Pitts, individually and as an ) | |
| Agent of the Blue Ridge Jail Authority; ) | |
| ) | |
|     Defendants. ) | |

_____

**AFFIDAVIT OF BHAVANI RAVEENDRAN**
**IN SUPPORT OF ATTORNEYS' FEES**

The undersigned, Bhavani Raveendran, first being duly sworn, deposes and states:

1. I am over the age of eighteen and am of sound mind and body.

2. The facts enumerated below are based on my personal knowledge or the business records of my law firm, Romanucci & Blandin, LLC, unless otherwise noted.

3. I am an attorney of record for Plaintiff in the above-referenced lawsuit.

4. This affidavit is submitted in support of Plaintiffs Petition for Attorneys' Fees.

5. I was admitted to the Illinois Bar in 2012 and am a member in good standing. I am admitted to practice law before all courts of the State of Illinois; the United States District Courts in and for the Northern District of Illinois; the Southern District of Illinois; and the Central District of Illinois. A copy of my CV is attached hereto as **Exhibit A**.

6. I am an attorney and am presently employed with the law firm of Romanucci & Blandin, LLC. Our firm has substantial experience in handling civil rights litigation. We practice throughout the State of Illinois, as well as in other states on a *pro hac vice* basis, including Virginia, handling Section 1983 cases.

7. I am familiar with the attorney time I expended in this action, as well as many of the costs incurred in pursing this litigation. I, myself, conducted the described tasks set forth in all the attached documentation regarding my hours worked in this case.

15

8. I am the attorney primarily responsible for this matter and have been the handling attorney from April 29, 2016 to August 2018.
9. I have reviewed documentation regarding the time I spent in furtherance of this case, and I aver that the 73.15 hours of attorney time for which I seek compensation is a reasonably accurate estimate arrived at using moderate billing judgment and represents the actual time I spent working on this case during the relevant time period. I also aver that the time I spent working on this case was reasonably necessary to advance Plaintiffs interests and obtain a favorable outcome at the conclusion of litigation.
10. The hourly rate of $200.00 is reasonable and customary for an attorney of my experience and qualifications at comparable firms in Virginia. The total value of my time is $14,630.00.
11. I am familiar with the attorney time Vaden Warren expended in this action, and I requested the described tasks set forth in all the attached documentation regarding Mr. Warren's hours worked in this case.
12. I have reviewed documentation regarding the time Mr. Warren spent in furtherance of this case, and I aver that the 31.2 hours of attorney time for which he seeks compensation is a reasonably accurate estimate arrived at using moderate billing judgment and represents the actual time he spent working on this case during the relevant time period. I also aver that the time Mr. Warren spent working on this case was reasonably necessary to advance Plaintiffs interests and obtain a favorable outcome from litigation.
13. The hourly rate of $400.00 is reasonable and customary for an attorney of Mr. Warren's experience and qualifications at comparable firms in Virginia. The total value of Mr. Warren's time is $12,480.00.
14. I declare under penalty of perjury that to the best of my knowledge that the foregoing is true and correct.

FURTHER AFFIANT SAYETH NAUGHT.

*B. Raveendran*

Bhavani Raveendran

STATE OF ILLINOIS
COUNTY OF COOK

Sworn to (or affirmed) and subscribed before me, this 21st day of August, 2018, by BHAVANI RAVEENDRAN who is personally known to me.

Signature of Notary

_____
(Print, Type or Stamp, Commissioned Name of Notary Public)

MATTHEW A DOMINGUEZ
Official Seal
Notary Public – State of Illinois
My Commission Expires Feb 3, 2022

Illinois Bar, 2012.

**EXPERIENCE**
**Romanucci & Blandin, LLC ~ Senior Associate, December 2015-Present**
- Handling attorney, with primary responsibility from pre-suit through trial, in varied personal injury caseload, including wrongful death, catastrophic injuries, hazing, and sexual assault.
- Taking and defending over 80+ depositions, including defendants, police officers, Chiefs of police, state employees, doctors, expert witnesses, and 30(b)(6) witnesses.
- Practicing primarily in civil rights, constitutional law, and police misconduct.
- Practicing in multiple federal jurisdictions, including the Northern, Southern, and Central Districts of Illinois and the Northern District of Indiana.
- Propounding and responding to written discovery and discovery motions.
- Developing and implementing litigation, discovery, settlement and trial strategies.
- Performing complex legal research using Lexis and Westlaw, including on qualified immunity and Section 1983 claims.
- Responding to extensive pretrial motions, motions to dismiss and summary judgment motions, including qualified immunity, *Monell* claims, and Section 1983 claims.
- Preparing for state and federal trials and first chairing through to verdict.

**Diamond & LeSueur PC, McHenry, IL ~ Associate Attorney, May 2013- Dec 2015**

- Client-centered case management, trial preparation, negotiation and court coverage in foreclosure defense, personal injury, small claims, family matters and misdemeanor criminal defense.
- Acted as the municipal prosecutor for petty and misdemeanor traffic crimes from plea to trial, including DUI's
- Handled briefing of dispositive motions and contested hearings, including Motions for Summary Judgment, Motions to Suppress, and Motions to Dismiss.

**International Rights Advocates, Conrad & Scherer LLP, Washington DC ~ JD Distinguished Fellow, Aug–Dec 2012**

- Collaborated with senior attorneys in large class action suits using the Alien Torts Claims Statute
- Researched major changes in the law creating obstacles to hold corporations accountable for human rights abuses, using state and federal law
- Wrote and edited arguments for complaints and briefs for trial and appellate level courts
- Implemented discovery review organization system and streamlined process for complex medical tort suit

**International Human Rights Clinic, American University, Washington, DC ~ Student Attorney, Aug 2011-May 2012**

- Represented clients throughout asylum interview process, including preparation of application
- Laid groundwork for and participated in fact-finding mission with stateless Haitian migrants in the Bahamas through drafting of a practice manual, establishing intake procedure, and creating avenues for future advocacy

**EDUCATION**

American University Washington College of Law, Washington, DC, J.D., May 2012

Case Western Reserve University, Cleveland, OH, B.A., Political Science, May 2009

**COMMUNITY SERVICE**

- Board Member with the South Asian Bar Association Chicago Foundation, charitable wing of the South Asian Bar Association
- Host Committee Member for Polished Pebbles Annual Fundraiser
- Board Member for Chinmaya Yuva Kendra spiritual retreats for over 70 Hindu young adults
- Volunteered with New American Initiative & CARPLS
- Volunteered with TASSC International on legal projects such as an "Asylum Guide"
- Worked as an after school Drama Teacher for elementary schools with CreativeKids