UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA

---

| | |
|---|---|
| Katherine Painter; | ) |
|     Plaintiff, | ) |
| | ) |
| | )   No: 6:17-CV-00034 |
| v. | ) |
| | ) |
| | ) |
| Corrections Officer Timothy Farrar, individually | ) |
|  and as an | ) |
| Agent of the Blue Ridge Jail Authority; and | ) |
| | ) |
|     Defendants. | ) |

---

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S RESPONSE TO DEFENDANT TIMOTHY FARRAR'S RULE 60(b)(4) MOTION TO SET ASIDE DEFAULT JUDGMENT**

Plaintiff, Katherine Painter, by and through her attorneys, submit this Memorandum of Law in Support of her Response to Defendant Timothy Farrar's Rule 60(b)(4) Motion to Set Aside Default Judgment.

**BRIEF STATEMENT OF FACTS**

### I. The Litigation

1. The Plaintiff, Katherine Painter, filed this 1983 claim on April 14, 2017, regarding sexual assaults occurring during her residence at the Blue Ridge Regional Jail Facility in Lynchburg, Virginia by a Defendant Guard.

2. Defendants Blue Ridge Regional Jail Authority and Defendant Officer Pitts were dismissed out by this Honorable Court.

3. This Court entered a default judgment in this matter against Defendant Timothy Farrar on July 31, 2018. This Court awarded compensatory damages of $632,888.00 and punitive

3

damages of $100,000.00 in favor of Plaintiff's Eighth Amendment claim against Defendant Farrar.

**II.     Service of Defendant Farrar**

1. The Clerk of Court issued a summons as to Defendant Timothy J. Farrar on May 10, 2017.

2. Plaintiff first attempted service on Defendant Farrar at the Blue Ridge Regional Jail Authority – Lynchburg.

3. After determining that Defendant Farrar no longer worked at Defendant Blue Ridge Regional Jail Authority, service was attempted by process server Willis Mayberry and failed on the following addresses and dates:

    i.   June 9, 2017: service attempted on Walden Pond in Lynchburg, Virginia.

    ii.  June 15, 2017: service attempted in Falling Creek, Virginia.

    iii. June 24, 2017: service attempted in Appomattox, Virginia.

    iv.  June 27, 2017: service attempted on Old Forest Road in Lynchburg, Virginia.

    See Affidavit of Bhavani Raveendran, attached hereto as Ex. G.

4. On June 13, 2017, Willis Mayberry attempted service on Defendant Farrar at his Forest,Virginia 24523 address. See Ex. G. See also Farrar Affidavit, attached hereto as Ex. A (Defendant Farrar's affidavit confirming abode in Forest, VA at the time).

5. On June 27, 2017, Plaintiff attempted to serve Defendant Farrar at a residence associated with his name and owned purportedly by his parents. See Service Affidavit, attached hereto as Ex. B.

6. Plaintiff's process server encountered the father of Defendant Farrar who indicated he would not accept service for Defendant Farrar. Ex. B.

7. Plaintiff's process server was given information that Defendant Farrar now works for a trucking company in Pensacola, Florida and may be residing in his vehicle. Ex. B

8. Plaintiff began searching for Defendant Farrar in Florida at that time, to no avail. Ex. B

9. On July 25, 2017, Plaintiff began search for Defendant Farrar in Virginia again. See Ex. B On August 11, 2017, process servers spoke to Defendant Farrar's father and he confirmed that his son had gotten married. Ex. B

10. Service was attempted on the home of the purported wife in Lynchburg, Virginia. Ex. B

11. On August 28, 2017, process server for Plaintiff posted service on the front door of the residence belonging to the wife of Defendant Farrar, according to her investigation. See Affidavit of Service attached hereto as Ex. C.

12. Defendant Farrar did not file an answer or otherwise plead by September 18, 2017, when the answer was due.

13. On November 8, 2017, the Clerk of the Western District of Virginia filed a Default against Defendant Farrar.

14. On December 27, 2017, Plaintiff filed her Motion for Entry of Default Judgment with the Western District of Virginia.

15. On December 27, 2017, Plaintiff sent her Motion for Default by mail to *eight addresses* previously associated with Defendant Farrar, where service had been attempted. See Plaintiff's Motion for Default, attached hereto as Exhibit D.

16. On December 27, 2017, Plaintiff sent her motion for default to Defendant Farrar by U.S. Mail to his Forest,VA 24523 address. Ex. D. See also Ex. A (Defendant Farrar's affidavit confirming abode in Forest, VA at the time).

17. In December, 2018, the Clerk of the Western District sent notice of the date of the Default

Hearing to Defendant Farrar's Forest, Virginia 24523 address which was "Returned to Sender" to the District Court on January 5, 2018. See Clerk's Returned Envelope, attached hereto as Ex. E. See also Ex. A (Defendant Farrar's affidavit confirming abode in Forest, VA at the time).

18. On January 6, 2018, USPS delivered a certified copy of the Motion for Default to an individual at Defendant Farrar's Forest, Virginia 24523 address that was signed for and accepted. See certified mail record attached hereto as Ex. F. See also Ex. A (Defendant Farrar's affidavit confirming abode in Forest, VA at the time).

19. On May 7, 2018, copies of the complaint in this action were mailed to eight addresses, including Defendant Farrar's Forest, Virginia 24523 address. See Ex. G. See also Ex. A (Defendant Farrar's affidavit confirming abode in Forest, VA at the time).

20. Defendant Timothy Farrar filed an affidavit in support of his motion to vacate default judgment in which he claimed that he had resided at the Forest, Virginia 24523 address from August 1, 2016 to the present, including when actual service was attempted at the address on June 13, 2017 and mailings were sent. Ex. A; Ex. G.

21. Despite being sent mail by Plaintiff and the Court regarding a potential default to his admitted address, to date, Defendant Farrar has not filed an answer or another responsive pleading to Plaintiff's Complaint.

22. To date, service was attempted at Defendant Farrar's purported address; Defendant Farrar has been mailed and received a Copy of the Complaint and Motion for Default at his purported address; and mail from the Clerk of Court has been sent to Defendant Farrar's purported address.

6

23. Plaintiff, Katherine Painter, is currently hospitalized in critical condition after a car accident occurring at or around July 31, 2018 and cannot currently communicate. Ex. G.

## LEGAL STANDARD

Rule 55 of the FRCP provides for the entry of judgment by default in the event that a party fails to plead as provided by the rules. Rule 55(b)(2) states in part, as follows:

> (b) Judgment. Judgment by default may be entered as follows …(2) *By the Court.* In all other cases the party entitled to a judgment by default shall apply to the court therefor; … If the party against who judgment by default is sought has appeared in the action, the party (or, if appearing by representative, the party's representative) shall be served with written notice of the application for judgment at least 3 days prior to the hearing on such application. If, in order to enable the court to enter judgment or to carry, it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper and shall accord a right or trial by jury to the parties when and as required by any statute of the United States.

Federal Rule of Civil Procedure 4(e)(1) states as follows: "Unless federal law provides otherwise, an individual … may be effected in a judicial district of the United States by: (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made…"

Code of Virginia, Title 8.01 Civil Remedies and Procedure, Chapter, Section 296 "Manner of serving process upon natural persons" allows service in the following methods:

> 1. By delivering a copy thereof in writing to the party in person; or
>
> 2. By substituted service in the following manner:
>
> a. If the party to be served is not found at his usual place of abode, by delivering a copy of such process and giving information of its purport to any person found there, who is a member of his family, other than a temporary sojourner or guest, and who is of the age of 16 years or older; or
>
> b. If such service cannot be effected under subdivision 2 a, then by posting a copy of such process at the front door or at such other door as appears to be the main entrance of such place of abode, provided that not less than 10 days before judgment by default may be entered, the party causing service or his attorney or agent mails to the party served a copy of such process and thereafter files in the office of the clerk of the court a certificate of such mailing.

Judge Ballou's order from 9.14.17 (ECF 36) stated as follows: "Section 8.01-296(2)(b) of the Virginia Code permits substituted service in certain circumstances by posting of process (summons and complaint) on the front door or main entrance of a person's usual place of abode." "'Actual notice to a defendant that an action was filed militates against a finding of prejudice.'" *Ritter*, 2003 WL 23112306, at *4 (quoting *Boley v. Kaymark*, 123 F.3d 756, 759 (3d Cir. 1997)).

Federal Rule of Civil Procedure 60 reads in part, as follows:

(b) GROUNDS FOR RELIEF FROM A FINAL JUDGMENT, ORDER, OR PROCEEDING. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
    (1) mistake, inadvertence, surprise, or excusable neglect;

    (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

    (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

    (4) the judgment is void;

    (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

    (6) any other reason that justifies relief.

The decision to enter default judgment lies within the sound discretion of the court. *Broglie v. Mackay-Smith*, 75 F.R.D. 739, 742 (W.D. Va. 1977). Default judgment is appropriate when a defendant has failed to plead or otherwise defend the action. Fed. R. Civ. P. 55. *See also Music City Music v. Alfa Foods, Ltd.*, 616 F. Supp. 1001, 1002 (E.D. Va. 1985) (reasoning that default judgment is warranted if a defendant fails to plead or otherwise defend itself).

## ARGUMENT

In this action, it is clear that Defendant Timothy Farrar was served, knew of the pending litigation, failed to appear, plead or otherwise file a responsive pleading, and a default was properly entered.

8

## I. Defendant Farrar was served and put on notice of the present litigation according to the requirements of Federal Rule of Civil Procedure.

Defendant Farrar has been sufficiently served with process in this matter and made aware of the lawsuit in due time before the default was entered. Defendant Farrar has not argued mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, fraud or another grounds to vacate the default judgment under Federal Rule of Civil Procedure 60.

This lawsuit stems from allegations of sexual assault against Defendant Farrar. Defendant Farrar was tried related criminal charges stemming from the same incident. Defendant Farrar has been on notice since the time of said criminal trial that a civil trial may stem from the same litigation. The lawsuit itself is a matter of public record and Defendant Farrar has been named personally from the outset. Moreover, Defendant Blue Ridge Regional Authority appeared in this matter, and Plaintiff alleged actions that were taken in both a personal and official capacity in the Complaint at law.

Process servers attempted service at numerous addresses, including the address where Defendant Farrar has admittedly lived since before the outset of this litigation. Ex. B. When personal service failed, service was attempted via substitute service on Defendant Farrar's father. Ex. B. Defendant Farrar's father would not accept service on his behalf but indicated that he may still have contact with him. Ex. B. Attempts to serve the complaint and summons on Defendant Farrar's father and the individual thought to be his wife have both resulted in individuals being informed of the lawsuit. Ex. B. More than likely, Defendant Farrar knew or had been informed that not only has a lawsuit been filed regarding the incidents in the complaint but that he himself is a listed individually as a Defendant. Plaintiff completed service by posting the summons and complaint on the door of Defendant Farrar's wife's last known abode. Ex. C. Court documents,

9

including the complaint and motion for default, were mailed by Plaintiff and the Court Clerk giving Defendant Farrar actual notice of the suit at the address he admits to occupying at the time of service. In *Davis Meml. Goodwill Industries v. Garada*, the trial court found that despite a lack of formal process, "defendant had actual notice of these proceedings because of the various case-related mailings defendant received from plaintiff and from the Court at his personal residence." The court held, the "final default judgment [was] not void for lack of personal jurisdiction, and therefore defendant's Rule 60(b)(4) motions must be denied." *Davis Meml. Goodwill Industries v. Garada*, 2018 WL 1525354, at *1 (E.D. Va. Mar. 28, 2018). Like in *Davis,* Plaintiff sent a copy of the Complaint and Motion for Default to the address Defendant Farrar purports to have occupied at the time of such filings. The certified mailing of the Motion for Default ***was accepted and hand-delivered*** to an individual at the address cited by Defendant Farrar as his residence. Further, the Western District of Virginia Clerk sent correspondence to Defendant Farrar informing him of the date of the default hearing.

Defendant Farrar had actual notice of the present law suit – to find otherwise would reward Defendant Farrar's apparent avoidance of service and utter indifference to Plaintiff's suit. In *Morrisey v. Crabtree*, the defendants had knowledge of the plaintiff's injuries and that the plaintiff was demanding damages, yet refused to accept their registered mail. *Morrisey v. Crabtree*, 143 F. Supp. 105, 106 (M.D.N.C. 1956). The court reasoned:

> With this knowledge on their part, they refused to accept their registered mail; they did it twice and the conclusion is inescapable that they did it to avoid service. Ordinarily any court would vacate a judgment by default where a meritorious defense exists, but why should the court do so when the defendants by their own conduct are at fault? [Citation]. They manifested utter indifference to plaintiff's case even after judgment by default and until the subsequent inquiry on damages and the publication in the daily papers of the judgment entered against them. Then they moved to vacate. The court's inclination would be to vacate the judgment and allow the defendants to assert their defenses but to exercise discretion in their favor under the circumstances would reward them for their inexcusable conduct in failing, by refusing, to receive the summons and complaint

10

*Morrisey v. Crabtree*, 143 F. Supp. 105, 106 (M.D.N.C. 1956). Despite all of the efforts by Plaintiff, Defendant Farrar failed to file an answer or appearance in this matter before the present motion was filed. Judge Ballou's order from 9.14.17 (ECF 36) stated that "Plaintiff's failure to personally serve Farrar may be because he is avoiding service." At this stage, Defendant Farrar had clear notice and actual knowledge of the pending litigation. To draw any other conclusion would result in the very scenario the *Morrisey* court warned against.

Further, vacating the judgment at this stage would allow Defendant Farrar to benefit from the Plaintiff's recent injury. After litigating this matter for over a year, during which time Plaintiff provided testimony, diligent efforts to effect service, and the proper entry of default judgment, Defendant Farrar conveniently surfaces when Plaintiff is indisposed. Defendant Farrar should not be rewarded by the current condition of Plaintiff. Such a result would be prejudicial to Plaintiff and undermine the very concept of equity.

## II. In the alternative, Defendant Farrar is clearly on notice of the present litigation and this court should consider him served.

Defendant Farrar at this time has received copies of Plaintiff's complaint and a certified copy of Plaintiff's motion for default. Forcing Plaintiff to yet again attempt to affect service on an address where he Mr. Farrar avoided service successfully in the past would be prejudicial as Plaintiff has expended attorneys hours and invoices totaling over $2,000 in her efforts to serve Mr. Farrar. Ex. G. Accordingly, Plaintiff requests this Honorable Court consider him served where Mr. Farrar is clearly on notice of the present litigation and has received a copy of the complaint.

WHEREFORE, for the reasons stated herein, Plaintiff, KATHERINE PAINTER, by and through her undersigned counsel, hereby requests that this Honorable Court enter an order

11

denying Defendant Timothy Farrar's Motion to Set Aside Default Judgment, or, in the alternative, consider Defendant Served at the present time.

                                Respectfully Submitted,

                                /s Bhavani Raveendran
                                Attorney for Plaintiff

T. Vaden Warren, Jr.
THE WARREN FIRM PLLC
516 Locust Ave.
Charlottesville, VA 22902
Tel: (434) 972-9090
Fax: (434) 972-9091
Email: vwarren@warren-law.com
VA Bar No.: 42004

Bhavani Raveendran
ROMANUCCI & BLANDIN
321 N. Clark St.; Ste 900
Chicago, IL 60654
Tel: (312) 458-1000
Fax: (312) 458-1004
Email: braveendran@rblaw.net
Attorney No.: 6309968/ Ill.

Attorneys for Plaintiff

12