IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| KATHERINE PAINTER, ) | |
|     *Plaintiff* ) | |
| ) | |
| v. ) | CASE NO. 6:17-CV-00034 |
| ) | |
| BLUE RIDGE REGIONAL JAIL AUTHORITY ) | |
| ) | |
| and ) | |
| ) | |
| CORRECTIONS OFFICER TIMOTHY ) | |
| FARRAR, INDIVIDUALLY AND AS AN ) | |
| AGENT OF THE BLUE RIDGE REGIONAL ) | |
| JAIL AUTHORITY ) | |
| ) | |
| and ) | |
| ) | |
| CORRECTIONS OFFICER PITTS, ) | |
| INDIVIDUALLY AND AS AN AGENT OF THE ) | |
| BLUE RIDGE REGIONAL JAIL AUTHORITY,) | |
|     *Defendants*. ) | |

**REPLY BRIEF IN SUPPORT OF DEFENDANT TIMOTHY WAYNE
FARRAR'S RULE 60(b)(4) MOTION TO SET ASIDE DEFAULT
JUDGMENT**

COMES NOW Defendant Timothy Wayne Farrar ("FARRAR"), by counsel appearing specially and in a capacity limited to challenge jurisdiction, to brief the Court by reply to the "Memorandum of Law in Support of Plaintiff's Response to Defendant Timothy Farrar's Rule 60(b)(4) Motion to Set Aside Default Judgment" (ECF 69) filed by Plaintiff Katherine Painter ("PAINTER") to-wit:

**ARGUMENT**

Most of the relevant facts have been previously adequately related. PAINTER filed her complaint on April 17, 2017. Under Rule 4(m), she had 90 days, or until July 16, 2017, to serve

FARRAR with process. According the affidavit of her her counsel, she first attempted service on June 9, 2017 at an apartment on Weeping Willow Drive. That attempted service failed. Later in June, she attempted service at three other addresses, none of which were FARRAR'S. All of these attempts failed.

On July 18, 2017, PAINTER was granted an extension to serve FARRAR by August 27, 2017. PAINTER did not serve FARRAR within the time permitted by this extension, but instead on August 28, 2017, she attempted posted service at the same apartment on Weeping Willow Drive where her attempted service failed on June 9, 2017. In between June 9th and August 28th PAINTER was directly informed by both the management of apartment complex on August 9, 2017 and by an occupant of the apartment on August 25, 2017 that they had no record that FARRAR resided in the apartment complex.

Also on August 28, 2017, PAINTER applied for and received a second extension of time to serve FARRAR. This time she was ordered to personally serve FARRAR by October 29, 2017. Judge Ballou specifically declined to rule on her request to deem her attempted posted service at the apartment valid. (ECF 36)

After being ordered to personally serve FARRAR with process, PAINTER did <u>nothing</u>. Instead, on October 25, 2017 she simply refiled the same return of posted service that she had previously filed on August 28, 2017 and then proceeded to obtain her default judgment.

During this entire pendency of this litigation, FARRAR resided at Autumn Run Drive in Forest, Virginia. He had timely updated his address with the court services unit in Lynchburg, with the post office, with his attorney and with the DMV.

PAINTER'S recent filings include several erroneous or false assertions. In the affidavit of her counsel (ECF 69-7), she claims that service was attempted on June 13, 2017 at "the address indicated in Defendant's affidavit," but the redacted address in her affidavit "Forest VA 24523" contains the Zip Code for Bedford, not Forest. She does not state how service was attempted on that date or why it failed, but it is clear from her filings that FARRAR was not served then. She repeats this error in the next paragraph of her affidavit when she states "[o]n May 7, 2018, I mailed copies of the complaint in this action to eight addresses, including REDACTED Road, Forest VA 24523."

In her brief in opposition, PAINTER claims that "[i]n December, 2018, the Clerk of the Western District sent notice of the date of the Default to Defendant Farrar's Forest, Virginia 24523 address which was 'Returned to Sender' to the District Court on January 5, 2018." A cursory inspection of this mailing (ECF 69-5) show that this mailing was not addressed to Autumn Run Drive in Forest, but instead to an address on Falling Creek Road in Bedford where FARRAR had previously lived until August 1, 2016. As the label plainly shows, the mailing was returned to sender because the forwarding time to the Autumn Creek Road Address had expired (as FARRAR had been living at Autumn Run Drive for more than a year).

PAINTER also contends that "[o]n January 6, 2018, USPS delivered a certified copy of the Motion for Default to an individual at Defendant Farrar's Forest, Virginia 24523 address that was signed for and accepted." In fact, PAINTER'S exhibit (ECF 69-6) states only that a mailing was "delivered to an individual" at that address – there is no evidence regarding the content of the mailing, no evidence that anyone signed for the mailing and no information about the identity of the individual to whom the mailing was purportedly delivered. Notably the "green card" from

-3-

the certified mailing was not submitted.

PAINTER'S arguments are as misguided as her assertions. She asserts that on May 7, 2018, more than a year after she filed her complaint, copies of the complaint were mailed to eight different addresses, including FARRAR'S current address on Autumn Run Road. This is certainly a compelling admission that PAINTER knew that her posted service was ineffective – why would she send mail to eight different addresses if she actually knew where FARRAR lived? Disregarding her admission, the record is devoid of any proof that FARRAR actually received a copy of the complaint or even a claim that it was mailed with a summons as required.

PAINTER argues that since FARRAR was charged with crimes related to her allegations of sexual misconduct in 2015, he was "on notice since the time of said criminal trial that a civil trial may stem from the same litigation." Of course, applying this logic, FARRAR'S acquittal of the criminal charges in 2016 should have put PAINTER on notice that her civil claims were frivolous before she filed her complaint in 2017. Of course, each of these arguments are specious and a waste of time and attention.

PAINTER then argues implicitly that the fact that the lawsuit is "a matter of public record" and the fact that FARRAR was named "personally from the outset" somehow creates constructive notice sufficient to confer personal jurisdiction. This contention is also facially specious.

Moving on, PAINTER then forges an argument that despite the fact that "personal service failed," her "attempted service at numerous addresses" combined with her belief that it was "more than likely" Farrar "knew or had been informed" that he was a party to her suit, somehow creates "actual notice" sufficient to confer personal jurisdiction. This notion is absurd and flies

-4-

Case 6:17-cv-00034-NKM-RSB   Document 70   Filed 08/30/18   Page 4 of 8   Pageid#: 561

in the face of long-standing rules and precedent.

Finally, PAINTER'S belief blossoms boldly into a full-blown assertion of purported fact when she proclaims that "Defendant Farrar had actual notice of the present law suit." The sole basis for this transformation? To conclude otherwise would reward "apparent avoidance" and "utter indifference" in her estimation. Interestingly, PAINTER does not address her own clear indifference to Judge Ballou's order or her own obvious avoidance of her duty to properly serve process.

From there, PAINTER'S brief devolves into a facile argument propped up on the ostensible basis of inapposite case law selectively cited in the face of overwhelming adverse authority to support the misguided notion that a federal court can somehow obtain personal jurisdiction over a defendant without service of process or without proven timely actual notice. The first of the cases she cites, *Davis Meml. Goodwill Industries v. Garada,* is a recent case from the Eastern District of Virginia wherein the court specifically ruled that defendant Garada was timely and personally served in addition to having actual timely notice of the suit against him. *Morrisey v. Crabtree* deals with substituted service upon the Insurance Commissioner of North Carolina under the law that applied there in 1956 to a diversity-jurisdiction personal injury case and the district court specifically ruled that the substituted service on the Insurance Commissioner was both lawful and effective under the particular facts of that case and under North Carolina law. Neither of these cases has anything to do with facts presented here. The authority that PAINTER is either fishing for or trying to create – some authority that stands for the idea that a defendant's mere knowledge that a suit has been filed against him somehow confers personal jurisdiction over him – simply does not exist.

-5-

It is true that Virginia's saving statute, Code § 8.01-288, provides that "<u>process which has reached the person</u> to whom it is directed <u>within the time prescribed by law</u>" creates sufficient service. (emphasis added)  Of course, PAINTER has no proof that FARRAR actually received both the summons and a copy of the complaint and she has the burden of proving service. However, assuming *arguendo* the entirety of the facts she asserts and all the reasonable inferences to be gleaned from them, the earliest date PAINTER asserts that a copy of the complaint was delivered to FARRAR at his usual place of abode is May 7, 2018, or more than <u>six months</u> after her second extension to serve FARRAR lapsed.  Thus, this actual notice was untimely and so the saving statute is no help to her.

PAINTER implies now that FARRAR eluded service but she cannot actually make such an assertion because he simply did no such thing.  He did not hide from anyone – he resided in the same house on Autumn Run Drive that is listed on his Virginia driver's license for the entire pendency of this litigation.  That being said, he certainly had no duty to facilitate service upon himself even if he was aware that a suit had been filed.

Serving a defendant with civil process under the federal rules in Virginia is not particularly difficult, as Virginia provides several simple, cheap and quick statutory alternatives to personal service. Having ascertained his address, PAINTER could have (and should have) mailed a waiver of service of process to FARRAR under the federal rule.  If she had done so, and if FARRAR had refused to execute it, she could have recovered her service expenses from him. Absent this, PAINTER could have (and should have) checked with the Lynchburg court services unit in Lynchburg or with the Virginia DMV to obtain FARRAR'S current address.  If she had done this, she could easily have obtained valid posted service at FARRAR'S actual usual place

of abode on Autumn Run Drive.  Absent this minimal effort, and being unable to ascertain his usual place of abode, she could have (and should have) requested an order permitting service by publication or simply requested a third extension of time to serve FARRAR.  Instead, she did <u>absolutely nothing</u> after August 28, 2017 to effect service upon him even though she was specifically ordered to do so by the explicit terms of an order of this Court.   Now, more than 380 days after filing her complaint, she asks the Court to reward both her flagrant defiance of this Court's order and the abject dereliction of her duty by allowing her to serve her complaint more than a year late and after this Court dismissed her case with prejudice by granting her own motion.  Such a reward is not only unwarranted, it is unjust.

## CONCLUSION

FARRAR was never served with process and so the Court never obtained jurisdiction over him.  Consequently the default judgment entered against him on July 31, 2018 is void and should be set aside.

Respectfully submitted

**TIMOTHY WAYNE FARRAR**
**Appearing Specially by Counsel for the Limited Purpose of Challenging Jurisdiction**

**JAMES RIVER LEGAL ASSOCIATES**
**7601 Timberlake Road**
**Lynchburg, Virginia 24502**
**P (434) 845-4529**
**F (434) 845-8536**

By: <u>/s/ M. Paul Valois</u>
    **M. Paul Valois, Esquire**
    **Counsel for Defendant (Appearance Limited)**
    **Virginia State Bar No. 72326**

-7-

Case 6:17-cv-00034-NKM-RSB   Document 70   Filed 08/30/18   Page 7 of 8   Pageid#: 564

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 30th day of August, 2018, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to all counsel of record, including:

T. Vaden Warren, Jr., Esq.
THE WARREN FIRM, PC
516 Locust Avenue
Charlottesville, VA 22902
Phone: (434) 972-9090
Fax: (434) 972-9091
Email: vwarren@warren

Bhavani K. Raveendran
ROMANUCCI & BLANDIN
321 N. Clark Street, Ste. 900
Chicago, IL 60654
Phone: (312) 458-1000
Fax: (312) 458-1004
Email: braveendran@rblaw.net

*Counsel for Plaintiff Katherine Painter.*

Jim H. Guynn, Jr.
GUYNN & WADDELL, PC
415 S. College Avenue
Salem, VA 24153
Phone: 540-387-2320
Fax: 540-389-2350
Email:jimg@guynnwaddell.com

Carlene Booth Johnson
PERRY LAW FIRM
262 Chellowe Road
Dillwyn, VA 23936
Phone: (434) 983-5005
Fax: (434) 983-5021
Email: perrylawfirm@hughes.net

*Counsel for Defendant Correctional Officer Pitts*

*Counsel for Blue Ridge Regional Jail Authority*

                                                                    /s/ M. Paul Valois
                                                                       M. Paul Valois