CLERKS OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
1/23/2019
JULIA C. DUDLEY, CLERK
BY: s/ CARMEN AMOS
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| KATHERINE PAINTER,<br>       *Plaintiff*,<br><br>v.<br><br>BLUE RIDGE REGIONAL JAIL AUTHORITY,<br>*ET AL.*,<br>       *Defendant*. | CASE NO. 6:17-cv-00034<br><br>MEMORANDUM OPINION<br><br>JUDGE NORMAN K. MOON |

This matter is before the Court upon Defendant Timothy Farrar's Motion to Set Aside Default Judgment pursuant to Fed. R. Civ. P. 60(b)(4). (Dkt. 64). Defendant claims he was not served with process, and that the judgment entered against him by this court, (dkt. 61), is therefore void for lack of personal jurisdiction. (Dkt. 65). After a hearing on this matter, the Court finds that service was not proper, and will grant Defendant's motion. However, finding good cause to do so, the Court will grant Plaintiff an extension of time to serve.

### I.   Factual and Procedural Background

In April 2017, Plaintiff Katherine Painter ("Plaintiff") filed suit under 42 U.S.C. § 1983 against Blue Ridge Regional Jail Authority ("BRRJA"), Corrections Officer Pitts, and Corrections Officer Farrar ("Defendant"), alleging violations of her Eighth Amendment rights. (Dkt. 1). Summonses were first issued to all three defendants in May 2017. (Dkts. 2, 3, and 4). Service was successful as to BRRJA and Officer Pitts. (Dkts. 6 and 7). Those defendants submitted responsive pleadings and were ultimately dismissed. (Dkt. 35). At the time of that dismissal, no return of service had been filed as to Defendant, and he had made no appearance before this Court. In July 2017, Plaintiff filed her first motion to extend time to serve Defendant,

1

citing a process server's attempted service at seven locations as good cause for an extension. (Dkt. 27). Included in this list of locations was an address in Forest, Virginia. (*Id*. at 2). At the hearing on Defendant's motion to vacate, the Court confirmed that this address was 1323 Autumn Run Dr, Forest, Virginia 24551, the address Defendant has since identified as his current residence. (Dkt. 75-9). On August 1, 2017, Defendant received a letter from the Division of Risk Management ("DRM") notifying him that suit had been filed against him. (Dkt. 75-1). This letter did not denote the place of, or reason for, the suit, but instructed Defendant that he would be provided with counsel "in the event [he was] served" with the referenced lawsuit. (*Id*. at 1).

On August 28, 2017, Plaintiff filed her second motion for an extension of time to serve Defendant. (Dkt. 33). Magistrate Judge Ballou granted that motion, noting Plaintiff's repeated attempts to locate Defendant and the possibility that Defendant was avoiding service. (Dkt. 36 at 3–4). Plaintiff was ordered to serve Defendant by October 29, 2017. (*Id*.). Plaintiff filed an executed summons on October 25, 2017, detailing service completed on August 28, 2017 by posting "on the front door of [Defendant's] abode" at 90 Weeping Willow Drive, Apt. J, Lynchburg, VA 24501. (Dkt. 39-1). Plaintiff relied on information provided by a professional process server to determine that the apartment at Weeping Willow Drive was Defendant's residence.

Defendant failed to respond in any way, and on November 8, 2017, upon Plaintiff's motion, the Clerk of this Court filed an entry of default. (Dkts. 39 and 40). On December 27, 2017, Plaintiff moved for default judgment, and the Court held a hearing on the matter. (Dkts. 57, 61). Notice of the motion for default judgment was mailed to multiple addresses, and was received by Defendant at his address in Forest, Virginia. Defendant did not attend the hearing on

2

Plaintiff's motion. Based on the evidence before it at the time, the Court found that service was proper under Va. Code § 8.01-296(2)(b), which provides for substitute service by posting process on the front of the defendant's abode. (Dkt. 60). Accordingly, the Court concluded that default judgment was appropriate and entered judgment against the Defendant in the amount of $732,888. (Dkt. 61). Less than one month later, Defendant made his first appearance before this Court, requesting that judgment be set aside as void due to lack of personal jurisdiction. (Dkt. 64).

The Court held a hearing on Defendant's motion. (Dkt. 74). At that hearing, Defendant's wife testified that she and Defendant have lived at her parents' home located at 1323 Autumn Run Drive, Forest, Virginia 24551 since 2016. Plaintiff presented evidence showing that she had hired multiple process servers in an effort to identify Defendant's usual place of abode, and that she had attempted service at the Autumn Run Drive address to no avail. (Dkts. 75-3, 75-8). Plaintiff also presented evidence that she had sent information regarding the pending default judgment to the same Autumn Run Drive address. (Dkts. 75-5, 75-6). Defendant confirmed that he received those communications.

Finally, a process server reported to Plaintiff that Defendant's father said Defendant was married and could be residing outside of the state, possibly in Florida. (Dkt. 75-3). Defendant testified that his father knew Defendant was married and that Defendant and his father are in frequent contact, but that Defendant never changed his residence to the state of Florida, nor was there any reason his father would believe he had done so. Defendant stated that, as a condition of court supervision related to criminal charges, he updated his address with the court and the Department of Motor Vehicles within the first month of moving to Autumn Run Drive. According to Defendant, the process server should have been able to find his address.

## II. Legal Standard

Fed. R. Civ. P. 60(b)(4) states that "the court may relieve a party or its legal representative from a final judgment, order, or proceeding. . . [because] the judgment is void." "An order is void for purposes of Rule 60(b)(4) only if the court rendering the decision lacked personal or subject matter jurisdiction or acted in a manner inconsistent with due process of law." *Wendt v. Leonard*, 431 F.3d 410, 412 (4th Cir. 2005). "Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Omni Capital Intern., Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104 (1987). For service to be effectuated, a summons must be served with a copy of the complaint. Fed. R. Civ. P. 4(c)(1). Service can be made pursuant to state law or in a manner prescribed by Fed. R. Civ. P. 4(e).

## III. Discussion

Defendant's claim that he was not served with process, if true, would mean that this Court could not exercise personal jurisdiction over him. *See Bank United v. Hamlett,* 286 B.R. 839, 843 (W.D.Va.2002) ("As any first-year law student knows, when service of process is ineffective a court does not acquire personal jurisdiction over a party, and a default judgment resulting from such defective service is void."). Returns of service like those present on this record act as *prima facie* evidence of valid service. *Capital Concepts, Inc. v. CDI Media Group*, No. 3:14-cv-00014, 2014 WL 3748249, at *4 (W.D.Va. 2014). "'In the federal system, some courts require a showing of 'strong and convincing evidence' to overcome a facially valid return of service generated by a private process server, while others simply have suggested that a rebuttable presumption of correctness might apply.'" *Id*. (quoting Corcoran v. Shoney's Colonial, Inc., 39 Fed. R. Serv. 3d 345, 1997 WL 470365, at *2 (W.D.Va. 1997)). "Defendants

must therefore, at the very least, present credible evidence to rebut the presumption of validity" created by the return of service entered October 25, 2017. *Id*. Here, the Court finds that Defendant meets that burden.

Virginia Code § 8.01-296(2)(b) permits substitute personal service by posting a copy of process on the main entrance of a person's usual place of abode. The United States Supreme Court has specifically addressed what constitutes "the front-door of the party's usual place of abode" under Virginia law. *Earle v. McVeigh*, 91 U.S. 503, 508 (1875). In *Earle*, the Court held that "the house must be [defendant's] usual place of abode, so that, when he returns home, the copy of the process posted on the front-door will operate as notice . . . [T]he law does not mean the last place of abode . . . [I]t is only on the door of his then present residence where the notice may be posted" in compliance with the law. *Id, see also Drewry v. Nottingham*, 64 Va. Cir. 269, 269, 2004 WL 2848510, at *2 (Va. Cir. Ct. 2004) and *Dispanet v. Dispanet*, 54 Va. Cir. 451, 451, 2001 WL 168257, at *2 (Va. Cir. Ct. 2001) (citing *Earle v. McVeigh*). Defendant claims that Plaintiff's service was invalid because it was posted on the door of 90 Weeping Willow Drive, Apt. J, which was not his usual place of abode. (Dkt. 65). In support of this claim, Defendant presents an affidavit, his in-court testimony, and his wife's in-court testimony that he has lived at 1323 Autumn Run Road since August 2016. Defendant's affidavit further states that he "promptly notified [his] attorney, the court services pretrial supervisor and the Virginia DMV of [his] change in address." (Dkt. 75-9 at 2). The Court finds this evidence credible, concluding that service was not posted at Defendant's usual place of abode, and therefore that Plaintiff's service was invalid.

Plaintiff argues that the Court should not vacate the judgment because Defendant had "clear notice and actual knowledge of the pending litigation." (Dkt. 69 at 11). While

5

Defendant's receipt of the letter from DRM and of the information regarding pending default judgment undoubtedly gave him notice of this suit, notice does not prevent a defendant from asserting a personal jurisdiction defense if the defendant did not appear in court prior to filing their motion to vacate default judgment. *See Foster v. Arletty 3 Sarl*, 278 F.3d 409, 413 (4th Cir. 2002) ("[A]ppellees did not appear in the [] action prior to filing their motion to vacate judgment and, as a result, have not waived their personal jurisdiction defense."); *see also Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 704 (1982) ("[A] defendant is always free to ignore the judicial proceedings, risk a default judgment, and then challenge that judgment on jurisdictional grounds in a collateral proceeding."). Accordingly, where, as here, the evidence demonstrates that service was not proper, the Court must conclude that the default judgment is void for lack of personal jurisdiction.

\*

Plaintiff asks that, if default judgment is vacated, she be allowed to serve Defendant now that his usual place of abode has been established. Federal Rule of Civil Procedure 4(m) states that "if the plaintiff shows good cause for the failure [to serve], the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). For the following reasons, the Court finds that such good cause exists here and will extend the time for service.

"Because the question of what constitutes 'good cause' necessarily is determined on a case-by-case basis within the discretion of the district court, courts have declined to give it a concrete definition, preferring to analyze a number of factors." *Scott v. Md. St. Dep't of Labor*, 673 F. App'x 299, 306 (4th Cir. 2016); *see also Robinson v. G D C, Inc.*, 193 F.Supp.3d 377, 580 (E.D. Va. 2016) ("Good cause as used in Rule 4(m) refers to a legally sufficient ground or reason based on all relevant circumstances" (citing *Madden v. Texas*, 498 U.S. 1301, 1305

6

(1991)). In *Scott*, the Fourth Circuit enumerated six such factors: (1) the plaintiff's control over the delay in service; (2) whether the defendant was evasive; (3) if the plaintiff acted diligently; (4) whether the plaintiff was represented by counsel; (5) if the defendant will be prejudiced; and (6) whether the plaintiff asked for an extension of time before the deadline. 673 F. App'x at 306.

The Court considers the facts of this case in light of these factors. *See Satterfield v. City of Chesapeake*, No. 2:16-cv-665, 2017 WL 2546451, at *3 (E.D.Va 2017) (applying the factors enumerated in *Scott*). The Court first evaluates whether the delay was within Plaintiff's control. "Courts generally do not deny extensions to plaintiffs when they trust third parties to effectively serve process and service of process is part of the third party's occupation." *Id*. (citing *Graham v. Satkoski*, 51 F.3d 710, 713 (7th Cir. 1995) (holding that failure to serve process by Marshals Service was good cause for the purposes of Rule 4(m) if the Marshals Service could have obtained the defendants' addresses with reasonable effort but failed to do so)). Here, Plaintiff initially hired a local process server to attempt service at at least five different addresses. (Dkt. 75-8). After initial difficulties, and upon the belief that Defendant may no longer reside in Virginia, Plaintiff hired a second process server, employed by Integrity Process Serving, Inc., who had the technological capabilities for a more in depth search. Both process servers attempted to locate and serve Defendant, and, Defendant testified that they should have been able to do so. Accordingly, there is no indication that Plaintiff had any control over the process servers' failure, and the first *Scott* factor therefore weighs in her favor.

The second factor, regarding the defendant's evasion of service, also weighs in Plaintiff's favor. In June 2017, a local process server visited the address Defendant identifies as his residence. (Dkt. 75-8). Plaintiff did not receive an explanation as to why process there was unsuccessful, nor was Defendant able to shed light on the matter. Defendant stated that his

7

father was a deputy sheriff in Appomattox County, that anybody who had been a process server in the jurisdiction would probably know his father, and that Defendant has never gone any significant period of time without communicating with his father. Despite the consistent communication between father and son, as well as the process server's efforts to locate Defendant at his father's house, Plaintiff was under the impression that Defendant might reside in Florida. These clear inconsistencies lead the Court to conclude that Defendant very likely attempted to evade Plaintiff's many efforts at service. Accordingly, the second *Scott* factor also weighs in Plaintiff's favor. *See In re Buescher*, 783 F.3d 302, 307 (5th Cir. 2015) (upholding the bankruptcy court's extension of time to serve where there was potential evasion of service).

The Court next turns to the third factor, Plaintiff's diligence, and, noting Plaintiff's continuous and repeated efforts to serve Defendant, finds that her attempts have been both reasonable and diligent. *See Chen v. Mayor & City Council of Baltimore*, 292 F.R.D. 288, 293 (D. Md.), (requiring plaintiff to show "reasonable and diligent efforts to effect service" in order to justify good cause extension), *aff'd*, 546 Fed. App'x 187 (4th Cir. 2013). Plaintiff made use of each extension of time granted by the Court. She hired multiple process servers in an attempt to effectively serve defendant, and made sure that the second process server had the technological capabilities to expand the scope of the search. *Cf. Tann v. Fisher*, 276 F.R.D. 190, 194 (D. Md.) (declining to grant an extension after plaintiff's service of process was deficient and plaintiff made only "one follow-up effort" which was "leagues below" the effort required for a "diligent effort"), *aff'd*, 458 Fed. App'x 268 (4th Cir. 2011). Accordingly, this factor also weighs in favor of Plaintiff.

Finally, the Court considers factor four (whether Plaintiff is *pro se*), factor five (prejudice to Defendant), and factor six (whether Plaintiff requested an extension before the deadline).

*Scott*, 673 F. App'x at 306. Plaintiff is represented by counsel, and factor four therefore does not weigh in her favor. *Satterfield*, 2017 WL 2546451 at *5. As to factor five, it is unlikely Defendant will suffer prejudice from an additional extension because he has had actual notice of this lawsuit since August 1, 2017. The Court also notes that Defendant makes no argument that he would be prejudiced were the Court to permit Plaintiff to serve process at this time. Finally, because this extension would be granted after any other deadlines have elapsed, factor six does not weigh in Plaintiff's favor. However, the Court notes that Plaintiff believed she had properly posted service at Defendant's usual place of abode within the time prescribed by the Court and executed a return of service indicating that fact. (Dkt. 39). Accordingly, default judgment was entered, and Plaintiff has promptly requested that she be allowed to serve Defendant in the event that judgment is set aside.

In sum, the Court finds that the majority of the *Scott* factors weigh in favor of finding that good cause exists for Plaintiff's failure to serve Defendant. Accordingly, the Court will grant Plaintiff's requested extension of time to serve Defendant.

### IV. Conclusion

For the forgoing reasons, Defendant's motion to vacate will be granted. However, finding good cause to do so, the Court will allow Plaintiff to serve Defendant in a manner consistent with the accompanying Order.

Entered this 23rd day of January, 2019.

NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE